THOMAS ILLSTAD, Plaintiff and Respondent, *v.* EDWARD ANDERSON, Defendant and Appellant.

**Reference—Findings—Appeal.**

1. An order of reference referring "the action" to a referee, "with the usual powers," based upon the consent of the defendant in open court that the case be referred to take the testimony and report, warrants the referee in making and reporting findings of fact and conclusions of law.

2. Defendant, having objected to referee making any rulings whatever, and having failed to take any exception to the action of the referee in receiving evidence over his objection, cannot raise the question whether such evidence should have been received, the objection not having been renewed before the court on application for judgment on the report, and no exceptions having been taken on such application.

3. A motion to dismiss, made at the close of plaintiff's case, is waived, unless renewed after all the evidence is in.

4. Errors not specified in bill of exceptions, where motion for a new trial is made on a bill, must be disregarded by the trial court and on appeal.

(Opinion Filed Aug. 14, 1891.)

*A*PPEAL from district court, Grand Forks County; Hon. CHARLES F. TEMPLETON, Judge.

*A. J. O'Keefe* and *O. H. Boyeson,* for appelant. *Bangs & Fisk,* for respondent.

Action by Thomas Illstad against Edward Anderson for a dissolution of a co-partnership and an accounting. Judgment for plaintiff. Defendant appealed. Affirmed.

A. J. O'Keefe, for appellant:

The order of reference should have directed the referee as to whether he was to hear and try the case or simply to take an account between the parties, and if the reference was to take the account only he had no power to pass upon its validity or upon objections made. Sutt v. Wegner, 43 N. W. Rep. 167; *in re* May, 6 N. Y. Sup. 356; Fox v. Moyer, 54 N. Y. 125; Gill v. Russell, 23 Minn. 362; Brotherton v. Brotherton, 15 N. W. Rep. 347; Scott v. Williams, 14 Ab. Pr. 70. The order of reference should direct the referee to find facts if that was the intent of the court when the order was made. Bigne v. Danie, 21 Pac. Rep. 52. If it does not his findings are void. Royal v. Baer, 17 Ind. 332; Thornburg v. Alleman, 17 Ind. 434; Board of Trustees v. Huston, 12 Ind. 276. On the other hand if the referee was appointed to hear, try and determine the action by findings, it was error if he neglected to pass upon objections taken, make rulings and allow exceptions that might afterwards be heard and considered by the court. Wallace v. Douglas, 9 S. E. Rep. 453; Leigh Stove Co. v. Colby, 24 N. E. Rep. 282; Belts v. Selcher, 46 N. W. Rep. 193; Hall v. Able, 10 N. Y. 581. He has exclusive jurisdiction to pass on exceptions just as a judge has in a case submitted to him. Railroad Co. v. Moyer, 17 Atl. Rep. 461; Woodruff v. Dickie, 31 How. Pr. 164; Hoyt v. Hoyt, 8 Bosw. 511. The referee cannot reserve his decisions on questions raised and make his rulings after the case has

been submitted. Bloss v. Morrison, 47 Hun 218. The referee was guilty of error in failing to make rulings, if he had the power to hear the case and make findings. And if he had not that power, he was then guilty of error in assuming the functions of a trial court and finding facts and conclusions of law. He was acting in one capacity or the other, and in either capacity he was guilty of error, which prejudiced the defendant and deprived him of a fair trial. Peck v. York, 47 Barb. 131; Clussman v. Merkel, 3 Bosw. 402; Brooks v. Christopher, 5 Duer 216; Smith v. Kobbe, 59 Barb. 289; Wagner v. Finch, 65 Barb. 493; Barren v. Sanford, 1 Hun 625; Lathrop v. Brainhill, 3 Hun 394; Kerslak v. Schoonmaker, 1 Hun 436. For these errors of the referee a new trial should have been granted. Beach v. Cooke, 86 Am. Dec. 260; Allen v. Way, 7 Barb. 585. On the point of the improper admission of certain evidence before the referee appellant cites Meyers v. Betts, 5 Denio 81; Monble v. Sykes, 2 So. Rep. 701; Rabette v. Orr, 3 So. Rep. 420; Clark v. Crandall, 3 Barb. 612; De la Reva v. Berreysa, 2 Cal. 195; Phelps v. Peabody, 7 Cal. 50; Goodrich v. Mayor, 5 Cal. 430; Plant v. Fleming, 20 Cal. 92. Appellant denies that a partnership existed, but granting this to be the fact the plaintiff cannot recover, because he seeks to recover profits made from the sale of intoxicating liquors, sold, so far as he is concerned, without a license, and hence illegally, and the law will not aid him in recovering. State v. Commissioners, 22 Fla. 1; Mitchell v. Scott, 62 N. H. 596. Holding that a landlord cannot recover rent for a building used for the sale of intoxicating liquors without a license. Adams v. Hackett, 59 Am. Dec. 376; Webb v. Fulchire, 40 Id 419; Lemon v. Grosskopff, 99 Id 65: O'Donnell v. Sweeney, 36 Id 336; Miller v. Davidson, 44 Id 417; Gravier v. Carroby, 36 Id 608. Where the law prohibits a business without a license, and one contracts to exercise such calling and has no license, he cannot sue upon the contract. De Well v. Lander, 39 N. W. Rep. 349. The imposition of a penalty for doing an act implies prohibition, and a contract based upon the performance of such an act is void. Solomon v. Dreschler, 4 Minn. 278; Ingersoll v. Randall, 14 Minn. 400. This action is in effect an action to recover the

profits made by him on the sale of intoxicating liquors sold
without a license, and he cannot recover.   Melchior v. McCar-
thy, 31 Wis. 252; Insurance Co. v. Harvey, 11 Wis. 394; Clem-
ens v. Clemens, 9 Am. Rep. 709; Gregory v. Wilson, 13 Am.
Rep. 451; King v. Winants, 17 Am. Rep. 11; Hardy v. Stone-
braker, 31 Wis. 647; Griffith v. Wells, 17 N. Y. Com. Law 339.

Bangs & Fisk, for respondent:

Where the record admits of two interpretations, that one
which will sustain the ruling of the court below will be adopted.
Railroad Co. v. Cowgill, 24 Pac. Rep. 475.   Appellant objected
to the referee making any rulings whatever, and hence cannot
predicate error upon his failure to do so.   A party cannot as-
sign that for error which he himself has invited the court to
commit.   State v. Beaty, 25 Mo. App. 214; Chambers v. Wal-
ker, 6 S. E. Rep. 165; Golder v. Mueller, 22 Ill. 527.   Objec-
tions made before the referee and not renewed before the court,
are deemed abandoned.   Fox v. Moyer, 54 N. Y. 125; Gill v.
Russell, 23 Minn. 362; Railroad Co., v. Moyer, 17 Atl. Rep. 461.
A report of a referee and the rulings of a trial judge will be
presumed to be correct until the contrary is shown.   West v.
Von Tuyl, 23 N. E. Rep. 450.   The findings of a court or ref-
eree are conclusive as to the facts found, if there is any evi-
dence tending to establish such facts.   Runnels v. Moffat, 41
N. W. Rep. 224; Burtel v. Mathias, 24 Pac. Rep. 913; Bank v.
Judson, 25 N. E. Rep. 392; Morgan v. Botsford, 46 N. W.
Rep. 230; Yocum v. Haskins, 46 N. W. Rep. 1063; Holmes
v. Roper, 32 N. Y. S. Rep. 470; Musgrove v. Buckley, 21
N. E. Rep. 1021; Ensign v. Ensign, 120 N. Y. 655.   And
this rule applies in equitable as well as legal actions.   Wells
v. Wells, 24 Pac. Rep. 752.   The conclusions of a master
in matters of fact have every reasonable presumption in their
favor.   Callaghan v. Myers, 9 Sup. Ct. Rep. 177; Wilson v.
Railroad Co., 21 N. E. Rep. 1015.   No exception will lie to the
allowance of a leading question by a referee.   O'Neill v. Howe,
31 N. Y. S. Rep. 272.   The admission of incompetent or mere
cumulative evidence is not prejudicial error where the same
facts are established by competent evidence.   People v. Latti-

more, 24 Pac. Rep. 1091; Campbell v. Carnahon, 13 S. W. Rep. 1098; Odom v. Woodward, 11 S. W. Rep. 925; Insurance Co. v. Hayden, 13 S. W. Rep. 585; Gas Co. v. Insurance Co., 71 Wis. 454; Columbus v. Strassuer, 25 N. E. Rep. 65; Partridge v. Ryan, 25 N. E. Rep. 627; in re Crawford, 113 N. Y. 560. It will be presumed that improper evidence was discarded from his consideration by the trial court or referee when deciding the case. Wilson v. Railroad Co., 21 N. E. Rep. 1015; Creager v. Douglass, 77 Tex. 484; Railroad Co. v. Lewis, 20 Pac. Rep. 310; State v. Denoon, 11 S. E. Rep. 1003. A judgment will not be reversed on account of errors where the whole record discloses that substantial justice has been done. State v. Finney, 25 N. E. Rep. 544. If the partnership contract was illegal, it is well settled that the illegality of a contract, if relied upon as a defense, must be pleaded. Railroad Co. v. Miller, 21 N. W. Rep. 452; Norton v. Blum, 39 Ohio St. 145; Suit v. Woodhall, 116 Mass. 547; Cardoze v. Swift, 113 Mass. 250. A defendant who has not pleaded illegality in the contract sued on, has no right to offer evidence of such illegality, or even to avail himself of it when disclosed in plaintiff's testimony, if the court does not refuse to entertain the case. Granger v. Ilsley, 2 Gray 521; Bradford v. Tinkham, 6 Gray 494; Libby v. Downey, 5 Allen 299; Goss v. Austin, 11 Allen 525. It is well settled that after the illegal contract has been executed, one party in possession of all the gains and profits resulting from the illicit traffic and transaction, will not be tolerated to interpose the objection that the business that produced the fund was in violation of law. Gilliam v. Brown, 43 Miss. 641; Farmer v. Russel, 1 B. & P. Rep. 296; Tenant v. Elliott, 1 B. & P. Rep. 3; McBlair v. Gibbs, 58 U. S. 232; Kinsman v. Parkhurst, 59 U. S. 385; Bank v. Bank, 16 Wall. 483; Brooks v. Martin, 2 Wall. 70; Pfeuffer v. Maltby, 54 Tex. 454. The relations of partners are that of trustees for each other. Each member of a partnership must account to it for everything that he receives on account thereof. When appellant received the profits of the concern he acted in a fiduciary capacity, and an implied contract arose that he would account therefor. Compiled Laws, N. D., §§ 3911, 3934, 4036, 4038; Betts v. Letcher, 46 N. W. Rep. 198.

The opinion of the court was delivered by

CORLISS, C. J. Most of the alleged errors in the case are not properly before us. The action was for dissolution of a co-partnership between plaintiff and defendant. The issues coming on for trial at a regular term, the court made an order of reference, referring the action to a referee, "with the usual powers." One of the errors assigned is the action of the referee in reporting findings of fact and conclusions of law. It is insisted that the order of reference is not broad enough to warrant the exercise by the referee of such power. The answer to this claim, is the consent of the defendant and appellant, made in open court, that the case be referred "to take testimony and report." In all cases it is the duty of the referee to report the evidence, and the word "report" in the consent is unnecessary, unless it be construed as embracing the report of findings of fact and conclusions of law. Moreover, the order in terms referred the action, i. e., the whole case, and was not limited to any specific issue or fact. Where the order is upon consent, it may direct the reference to all or any of the issues. Assuming that this was an order of reference upon consent, all the issues must be regarded as having been referred, not only because the whole case is referred, but also because no particular issues are designated in the order. Laws 1889, c. 112, § 1. If it is a reference without consent the same conclusion is inevitable. It is apparent from § 2 of this act that unless the reference is limited by this order to some specific question of fact, the referee is authorized to hear and decide all the issues. On the trial by a referee, practically the same proceedings are had as on a trial before the court. The referee must not only report the evidence, but also his findings and conclusions. This is what he has done in this case, and this it was his duty to do under the statute and the order of reference and defendant's consent.

It is next insisted that the referee, if he had full authority to try the issues, erred in not ruling upon certain objections to evidence offered by plaintiff and received by the referee. No exception having been taken before the referee, the defendant cannot avail himself of these objections. Section 3 of chapter 112 of Laws of 1889, requires the referee to report to the court

all exceptions taken on the hearing. This clearly contemplates that exceptions must be taken as on trials before the court to entitle a party to challege on appeal the ruling of the referee. This rule is confirmed by the general provision that "the trial by referee shall be conducted in the same manner as a trial by the court." Neither did the defendant take any exception to the referee's ruling when the case was before the court on application to confirm the referee's report, and for judgment, nor did he there renew his objections and except to the refusal of the court to sustain him in his objections to the evidence received by the referee. A still more decisive aswer to these objections is that defendant by his affirmative action has sealed his lips against urging them here. Preliminary to the hearing before the referee, the defendant himself objected "to the referee making any rulings whatever." The referee, therefore, merely followed the wishes of the litigant, who now insists that the referee erred in acceding to his request.

It is further urged that the court erred in not dismissing the action, because it is claimed that it appeared that the business in the prosecution of which were earned the profits, to recover his share of which the plaintiff instituted this action for dissolution and accounting, was the sale of intoxicating liquors, and that such business was illegal, because the plaintiff held no license authorizing him to conduct the same, the only license being issued to and held by the defendant. There are several answers to this objection. The defense is not pleaded. Therefore defendant had no right to offer evidence on the point, nor could he avail himself of evidence sustaining it, although disclosed by plaintiff's own case. Cardoze v. Swift, 113 Mass. 250. Said the court in this case: "In such an action a defendant who has not pleaded illegality in the contract sued on has no right to offer evidence of such illegality or even to avail himself of it, when disclosed in the plaintiff's testimony, if the court does not refuse to entertain the case." See, also, Railroad Co. v. Miller, 16 Neb. 661, 21 N. W. Rep. 451-453. The question is not before us for another reason. The error, if any, in denying the motion to dismiss was an error of law occuring on the trial. It should have been specified in the bill of exceptions. Comp.

Laws, § 5090, subsec. 2.   No such specification having been made, it was the duty of the trial court to disregard the point on the motion for new trial, and this we must assume he did in denying the motion for new trial.   A third reason for our ruling is the failure of the defendant to renew his motion to dismiss after he had finished his case, the motion having been made at the close of plaintiff's case.   Bowman v. Eppinger, 1 N. D. 21, 44 N. W. Rep. 1000.   There was a substantial conflict in the evidence on the question of partnership, and therefore the finding that there was a co-partnership between plaintiff and defendant will not be disturbed.   The judgment is affirmed. All concur.

WALLIN, J. (*concurring.*)   The opinion of the court in this case, as formulated by the chief justice meets with my approval. For reasons stated in the opinion of the court, the appellant is not in a position to avail himself of the irregularities of practice occurring at the trial.   In the interests of a sound practice, however, I deem it proper to add, as my individual opinion, that the order of reference in this case is very faulty.   An order sending a case to a referee "with the usual powers" is blind and confusing, and necessarily so in view of the obvious fact that the "usual powers" of a referee will depend wholly upon what the referee is to do in the particular case.   The referee's powers are defined and limited, not only by the statute, but by the terms of the order of reference.   In all cases the order of reference should be clear and explicit with respect to the duties required of the referee.   If the court making the order desires the referee to determine the action and report findings of law and fact as well as the evidence, it should be so stated in the order; if less than this is intended, the limited nature of the referee's duties should be clearly defined by the order of submission.