## HAGGARTY v. STRONG *et al.*

1. Where no motion for a new trial is made, only such errors as present questions of law can be considered on appeal.

2. Where two persons were sued as a corporation, and they answered, denying such corporation, and alleging a co-partnership, and interposing a general denial, and a defense on the merits, such answer being a general appearance, a motion to amend the complaint by striking from the title the corporate name, and inserting the names of the two persons as co-partners, and conforming the allegations of the complaint to such amendment, was properly allowed under Comp. Laws, § 4938, providing for amendment of pleadings, in furtherance of justice, in cases of mistake.

3. The deposition of a physician will not be stricken out on motion of defendant in an action for personal injuries on the ground that his answers on cross-examination were nonresponsive and evasive, in that he was not able to state "what bones, muscles, and ligaments were injured on ac count of the wound.

4. A motion to direct a verdict in favor of defendant at the close of plaintiff's evidence, which is overruled, will be waived, unless renewed at the close of all the evidence.

5. It is error to submit to the jury a fact as to which there is no evidence, or to instruct with reference to such fact.

6. Where there is no evidence presented in the abstract on which instructions asked by a party and refused could be properly based, the supreme court will presume, in support of the judgment, that the ruling of the trial court was correct.

7. An appellate court will not reverse a case upon the instructions given, when the evidence is not before the court, unless they would have been erroneous in any view of the case.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Roberts county. Hon. J. O. ANDREWS, Judge.

Action by an infant, by his guardian *ad litem*, for personal injuries. Judgment for plaintiff. Defendants appeal. Affirmed.

The facts are stated in the opinion.

*J. J. Batterton* and *Thomas L. Bouck*, for appellants.

The motion to amend was beyond the power of the court to allow, for it permitted an entire change of parties defendant. 1 Encyc. Pl. & Pr. 546; Bassett v. Fish, 75 N. Y. 303; Shaw v. Cock, 78 Id. 194; N. Y. etc. Ass'n v. Remington Agr. Wks., 89 Id. 2; Erskine v. McIlrath (Minn.) 62 N. W. 1130; Sawyer *et al.* v. Clothing Co., 58 Vt. 588; Little v. Water Power Co., 9 Nev. 317; *Ex parte* Collins; 49 Ala. 69; Hunnicut v. Stone, 85 Ga. 435; Wood v. Ins. Co. (Mich.) 56 N. W. 8.

*E. J. Forman* and *Howard Babcock* for respondents.

The complaint was properly amended. Packing Co. v. Turner Casing Co., 34 Kan. 340, 8 Pac. 403; Newton v. Mfg. Co., 17 Abb. 318. See also 1 Encyc. Pl. & Pr. 516, 540; Nari v. Henni, 45 Wis. 473; Railroad v. Sistruck, 85 Ala. 352; Hutchinson v. Tucker, 124 Mass. 240; Ballon v. Tilton, 52 N. H. 605; Schollenberger v. Seldenridge, 49 Pa. St. 83.

CORSON, P. J.    This is an appeal by the defendants from a judgment entered against them. No motion for a new trial was made, and hence the only errors assigned and to be considered are those presenting questions of law. The action was originally commenced against Strong & Miller as a corporation, but on motion of plaintiff the summons and complaint were amended by striking out the words "Strong & Miller, a corporation, duly organized and existing under the laws of the state of Minnesota, defendant," and inserting in place thereof the words "Sylvester Strong & Henry Miller, co-partners in business under the firm name and style of Strong & Miller, defendants," and the complaint was amended to correspond with said amendment of the title. The appellants claim that the court erred in allowing this amendment, and insist that it had no jurisdiction to allow an amendment that brought into the case entirely new defendants. They further insist that the action, as originally commenced, had, in fact, no party defendant, as there was no such corporation as that attempted to be made defendant; and that the amendment, therefore, in effect,

made parties defendant who had never been served with summons in the action. The respondent contends that the court had jurisdiction of the subject-matter of the action, and, the defendants having appeared in the action on three several occasions generally, and made no motion to dismiss the action, stipulated, after the amendment was made, that their answer should stand as the answer to the amended complaint, and proceeded to trial thereon, they cannot now be heard to deny the jurisdiction of the court to make the amendment. The summons and complaint were served upon one Aarsness, a person in charge of defendant's place of business at Sisseton, on or about January 3, 1896. Before the motion for leave to amend was served, the defendants served an answer, served upon plaintiff a notice of trial, and entered into a stipulation waiving objections to the trial of the case at an adjourned term of the court. The service of the summons and complaint were clearly insufficient, whether the defendants constituted a corporation or a partnership, to give the court jurisdiction, had the defendants not appeared in the action, and will not be further considered in the opinion. The defendants, however, appeared generally in the action. In their answer, for a first defense, the defendants allege that there is no such corporation as Strong & Miller, but that Sylvester Strong and Henry Miller are partners, doing business under such firm name, and allege that the court has never acquired jurisdiction of said partnership, or either of the members thereof, and that they have never appeared in the action. But in the second defense the said Strong & Miller, as partners aforesaid, deny each and every allegation in said complaint, and the whole thereof. The answer then proceeds to set out a third defense to the merits of the action. The answer therefore constitutes a general appearance on the part of the defendants Strong and Miller, as co-partners.

While ordinarily, a court could not properly allow an amendment by striking out the only defendant named, and sub-

stituting an entirely new defendant, we are of the opinion that under the peculiar facts existing in this case the court not only had the power to allow the amendment, but properly exercised it. Strong and Miller, as co-partners, were in court by their general appearance, and there was no such corporation as Strong & Miller. It is not the case of bringing the action against the wrong corporation by the same name, as was the case in Little v. Water Co., 9 Nev. 317. The corporation intended to be sued in that case had never appeared, and was not in court. Nor does this case come within the principle established in New York State Monitor Milk Pan Ass'n v. Remington Agricultural Works, 89 N. Y. 22. In that case there was a corporation against which the action was brought, and that corporation was in court defending the action. While proceeding with the action, the plaintiff discovered that the action was brought against the wrong defendant, and that its action should have been against a co-partnership. The co-partnership were not in court, and had never appeared in the action. But the case of Anglo-American P. & P. Co. v. Turner Casing Co., 34 Kan 340, 8 Pac. 403, is directly in point. In that case the court below allowed the plaintiff to amend, but subsequently dismissed the action; and the ruling of that court in dismissing the action was reversed by the supreme court. The case is so clearly in point that we shall take the liberty of making quite liberal extracts from the opinion of MR. JUSTICE VALENTINE. In speaking of the claim of defendants, he says: "They claim that the plaintiff sued the Turner Casing Company, a corporation, and that all the appearances that were made, or that could be made, were made only in that capacity; and that, as no such corporation existed, there were really no valid appearances. For the purposes of this case we shall discuss principally the appearance made when the answer was filed. This answer included a general denial, which was an answer to the merits of the case; and, if it was the defendants who made this appearance, then they surrendered jurisdiction of their persons to the

court, and are bound by such answer.  *  *  *  And we think it was the defendants who made this appearance, and who filed the answer; and this notwithstanding the technical objections that may be urged against it. Courts, under the reformed system of procedure, look to the substance of things, rather than the form, and to persons and things rather than the mere names. This manner of treating things constitutes the life and spirit of the reformed system of procedure. Did the defendants in fact make the foregoing appearance? The action was commenced against the Turner Casing Company. A certain organization of persons was at that time, and had been for a long time previously, doing business under that name. It was this organization that was intended to be sued. It is true, the petition alleged that the organization was a corporation, while in fact it was a co-partnership; but no other organization existed of that name, and that organization was composed of these defendants.' * * * And if such co-partnership made such appearance, then the appearance was in fact by all the members of such co-partnership, and binds all, for all partnership transactions bind all the members. It is idle to talk about all these appearances having been made by nobody or nothing, for appearances cannot be made in that way; and courts cannot allow themselves to be trifled with by permitting parties to make appearances which do not have the effect or the consequences of appearances. We think it was the defendants in this case who filed the answer; and, as the answer went to the merits of the action, we think the defendants, by filing such answer, surrendered jurisdiction of their persons to the court. When it was ascertained by the plaintiff that it had made a mistake in alleging in its petition that the Turner Casing Company was a corporation, instead of alleging that it was a co-partnership, and in not stating the names of the co-partnership, it obtained leave of the court, and amended its petition so as to correct these errors or mistakes; and this, we think, it had a right to do." The intention of the plaintiff to bring the

action against a company known as Strong & Miller is too clear for argument, and Strong and Miller must have so understood the action at the time they appeared and filed their answer. Alleging, therefore, in the summons and complaint that they were a corporation was a mistake, amendable under the statute (Sec. 4938, Comp. Laws,) when made in the furtherance of justice; and which seems to have been so made in this case. Statutes of amendment are remedial, and should be construed and applied liberally in favor of amendments. 1 Enc. Pl. & Prac. 517, and cases cited.

It is further contended by appellants that the court erred in not striking out the deposition of Dr. Cummins. The action was for negligence on the part of the defendants causing injuries to the plaintiff, a boy of nine years, who was employed in driving horses that ran an elevator. The foot of the boy was caught in the machinery, and badly crushed or injured. Dr. Cummins was the physician who attended the boy after his injury, and in describing the injury he was unable to state definitely what muscles, bones, and ligaments of the foot were injured. The grounds of the motion to strike out the doctor's deposition were that his answers on cross-examination were not responsive to the questions, and were evasive. We are of the opinion there was no merit in the motion. We discover nothing in the doctor's deposition that indicates any disposition on his part to suppress anything in regard to the condition of the foot, or nature of the injury. In answer to cross-interrogatories, he says the wound was a lacerated wound, and that the bones, muscles and ligaments extending from the ankle to the toe were injured and had the appearance of being all ground together. He was then asked to state what bones, muscles, and ligaments were injured. This he stated he could not do; that in the condition of the wound it would be impossible to designate them. The court ruled correctly in denying the motion.

At the close of the plaintiff's evidence, the defendants moved the court to direct a verdict in their favor, which was

denied. The defendant thereupon introduced evidence in defense. The motion not having been renewed at the close of all the evidence in the case, the first motion was waived. Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Illstad v. Anderson, 2 N. D. 167, 49 N. W. 659.

Appellants further contend that the court erred in refusing to give to the jury instructions 4, 5 and 6 requested on the part of the defendants. So far as the record before us discloses, the propositions laid down in the instructions requested are entirely unsupported by the evidence. It would have been error for a court to have submitted to the jury a fact or state of facts which there was no evidence tending to prove, or to give instructions with reference to a state of facts not in evidence. 11 Am. & Eng. Enc. Law, 247, and cases cited. If there was evidence tending to prove facts upon which the instructions were founded, then such evidence should have been presented in the abstract. None having been so presented, this court will presume, in support of the judgment, that the ruling of the court in refusing to give these instructions was correct. It is true, there was evidence tending to prove the nature of the injury, condition of the foot, and manner of treatment; but there is no evidence in the record tending to prove that the injured foot was not treated properly, or tending to prove that, if it had been treated differently, a permanent deformity of the foot might have been prevented. In the absence of such evidence, the instructions could not have been properly given did they state the law correctly—a question upon which we express no opinion. A nonprofessional jury, without the evidence of physicians or surgeons, could not be called upon to find whether the treatment of the injured limb was or was not the proper treatment. In the absence of such evidence, the jury would be bound to assume that the treatment of the physician or surgeon, showing himself to be duly qualified, was the proper treatment.

The appellants excepted to the following part of the court's charge to the jury: "In arriving at the amount of the plaint-

iff's damage, you will consider his pain and suffering, and necessary and reasonable expenses of the medical aid, and if the injury is permanent you may take such fact into consideration, and in that case you may consider the future effect of the injury upon the plaintiff's ability to engage in the ordinary occupations of life, and his diminished working and earning capacity, if any.". It is not claimed that this instruction is not correct as an abstract proposition of law, but appellants contend that there was no evidence upon which it could be based. But in this contention the counsel are evidently in error. Respondent, in his additional abstract, sets out evidence clearly sufficient to warrant the court in giving an instruction upon these questions. If, however, no such evidence had been shown, this court would be required, in the absence of the evidence in the abstract, to presume there was sufficient evidence to warrant the giving of the instruction. An appellate court will not reverse a case upon the instructions given, when the evidence is not before the court, unless the instruction would be held erroneous in any view of the case. Finding no error in the record, the judgment of the court below is affirmed.