## BRACE *et al.* v. VAN EPS.

1. Error in overruling a motion to direct a verdict for defendant at the close of plaintiff's case is waived where defendant fails to renew the motion after all the evidence has been presented.

2. Where an execution on a judgment against a wife was not levied on property formerly owned by her husband until after his death, she being presumptively the owner of one-third of the property, a certificate of sale under such judgment is not void on its face, since, in order to defeat the wife's claim to the property, one claiming under her husband would be compelled to show a conveyance by him during his lifetime.

3. Where trustees are authorized to transfer property for the best interests of the grantor's family, a conveyance in exchange for other property is valid.

4. Where trustees under a valid deed transfer trust property in exchange for other property, the validity of such transfer can only be questioned by the beneficiaries of the trust, and hence cannot be attacked by a purchaser at an execution sale against the wife of the grantor of the trust.

5. In the absence of a provision in a trust deed, absolute in form, that it shall not take effect until after the grantor's death, such deed will be presumed to take effect immediately, and hence is not in the nature of a testamentary device.

6. Where, prior to the recovery of a judgment against a wife, both husband and wife executed a trust of certain of his property for the benefit or the grantor's family, a judgment creditor acquires no rights in such property by virtue of a sale of the wife's interest under such judgment, since, under Comp. Laws, § 2804, the beneficiaries of the trust take no estate or interest in the property, but a mere right to enforce the trust.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by George H. Brace and another against William Van Eps, to settle adverse claims to realty. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

*Melvin Grigsby* and *Sioux K. Grigsby,* for appellant.

*C. G. Hartley,* for respondents.

CORSON, P. J. This is an action brought under the provisions of Section 5449, Comp. Laws, which reads as follows: "An action may be brought by any person against any other who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

The plaintiffs allege in their complaint that they are the owners and in exclusive possession of certain lots in the city of Sioux Falls, constituting the property generally known as the "Commercial House"; that the plaintiffs are the owners in fee, and have been for many years past, of the said premises; that the defendant unjustly claims an estate or interest in said property adverse to the said plaintiffs, and that the claim of said defendant is without any right whatever, and plaintiffs pray that the defendant may be required to set forth the nature of his claim, etc., and that all adverse claims of the defendant may be determined by a decree of this court; that it may be adjudged that the defendant has no estate or interest whatever in or to the said land and premises; and that it be decreed and adjudged that the title of plaintiffs is good and valid, and that the defendant be forever enjoined and debarred from asserting any claim whatever in or to the said land and premises adverse to the plaintiffs. The defendant in his answer, after denying certain allegations of the complaint, alleges, in substance, as follows: That on the 12th day of April, 1889, he secured a

judgment in the circuit court of Minnehaha county against one
Mary E. Wyman for the sum of $347.29, which judgment was
duly docketed in the office of the clerk of said court. He fur-
ther alleges that in December, 1888, one David F. Wyman, the
husband of Mary E. Wyman, aforesaid, died intestate, and that
at the time of his death said Mary E. Wyman became possessed
of one-third interest in and to all the real estate theretofore owned
by said Wyman, and that said judgment of the defendant afore-
said against the said Mary E. Wyman thenceforth became a
lien upon her one-third interest in and to all the said property;
that among the real estate possessed by the said David F. Wy-
man at the time of his death was the property described in the
complaint; that in May, 1897, an execution was duly issued,
and the said one-third interest of the said Mary E. Wyman in
the said property was sold by the sheriff of the said county
thereunder, and bid in by the defendant for the sum of $553,
and that the defendant received a sheriff's certificate. which
was duly filed for record on the 1st day of May, 1897, and duly
recorded. A trial was had before the court without a jury, and
it made findings of fact, and entered judgment in favor of the
plaintiffs. A motion for a new trial was made and denied, and
from the judgment and order denying a new trial the defend-
ant appeals to this court.

It was admitted on the trial that on the 20th day of Decem-
ber, 1888, the said David F. Wyman was the owner in fee of
the property in controversy. The plaintiff, to maintain his
title to the property, introduced a certain deed, bearing date
December 20, 1888, by which it appeared that David F. Wy-
man and Mary E. Wynan, his wife, as parties of the first part,
conveyed to Thomas W. Tasker and Henry Westover all and

singular the real estate, and appurtenances and hereditaments
thereunto belonging, of the said David F. Wyman, whereso-
ever the same might be situated, together with all right, title,
or interest in any and all real estate, whether legal or equit-
able, and all chattels personal, rights, claims, choses in action,
and all securities for the same, of the said David F. Wyman, of
which he was then possessed, or was entitled to be possessed,
in trust, nevertheless, for the following uses and purposes, to-
wit: ''To be held, managed, controlled, transferred, sold,
leased, or otherwise disposed of by the said trustees, in such
manner as may be for the best interests for the family of David
F. Wyman, and for the preservation of said property, and to be
distributed to and between the family of said Wyman as soon
as practicable after his death, in such manner and in such pro-
portion as is prescribed by the laws of the territory of Dakota
for the distribution of estates of intestates, first paying and
discharging all legal demands and claims against the said Dav-
id F. Wyman and the expenses of carrying out this trust; and
said David F. Wyman hereby declares that his family, for
whose use and benefit this trust is made, are as follows: Mary
E. Wyman, his wife, and Frank E., Bert O., Fred K., Mattie
A., and Henry B., his children. And it is hereby declared to
be a condition of this trust that the same may be exercised con-
jointly by the said parties of the second part, or by any other
such person in lieu of either one of them, as such one may se
lect, by and with the assent of a majority of the *cestuis que
trustent.* In witness whereof the said parties of the first part
have hereunto set their hands and seals at the city of Sioux
Falls, in the county of Minnehaha and territory of Dakota,
this 20th day of December, 1888. This deed was acknowledged

on the 20th day of December, 1888, and duly recorded on the 11th day of January, 1889, in the office of the register of deeds of Minnehaha county.    The plaintiffs and respondents deraigned title through that deed.    At the close of the plaintiffs' evidence the defendant moved the court for judgment for the reason that plaintiffs had not established facts sufficient to constitute a cause of action.    This motion was overruled, and, as it was not renewed at the close of all the evidence, the error, if any, in overruling the motion, was waived.    Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037; Colby v. McDermont (N. D.) 71 N. W. 772; Illstad v. Anderson, 2 N. D. 167, 49 N. W. 659.

The defendant and appellant then introduced evidence tending to sustain the allegations of his answer.    The appellant contends that the respondents showed no present, threatened, or probable injury which might result from defendant's certifficate of sale, and that the certificate of sale was void upon its face.    We think there is no merit in this contention.    The certificate of sale constituted an interest of appellant in the property adverse to the respondents.    Clark v. Darlington, 7 S. D. 148, 63 N. W. 771.    This action, as we understand it, was not brought under Sections 4644, 4645, Comp. Laws, and hence the provisions of those sections are not applicable.    But, could the provisions of Section 4645 be made appplicable to actions like the one at bar, the contention of the appellant is not tenable, for the reason that the certificate of sale is not void upon its face.    It being admitted that the title of the property in controversy was in David F. Wyman, the husband of Mary E. Wyman, and that he died in December, 1888, the said Mary E. Wyman presumptively would be entitled to one-third of the property.    To defeat such claim, it would be necessary to show

that the said David F. Wyman conveyed said property prior to his death, and, when such is the case, the invalidity of the in-strument is not "apparent upon its face or upon the face of another instrument which is necessary to the use of the former in evidence" (Section 4645), as it would not be necessary for one claiming under Mrs. Wyman to introduce in evidence the trust deed from Wyman and wife to the trustees.

It is further contended that the deed from the trustees to Brace was void, for the reason that the deed was based upon a prior instrument, by which the trustees agreed to convey to Brace in exchange for certain New York property owned by Brace; but we are of the opinion that this contention is not ten-able for two reasons: First, the deed to the trustees authoriz-ed the trustees to sell, transfer, or otherwise dispose of the said property in such manner as might be for the best interests for the family of David F. Wyman; secondly, the appellant herein is not in a position to question the validity of the deed from the trustees to Brace. If the deed from Wyman to the trustees was valid, then the appellant has no interest in the property. The validity of the deed from the trustees to Brace can only properly be questioned by the beneficiaries under the deed.

Appellant further contends that the deed executed by David F. Wyman to the trustees, Tasker and Westover, was in legal effect a will, and could not take effect until the death of the said David F. Wyman. But we are of the opinion that the trust deed in this case comes within the provisions of Section 2798, Comp. Laws, authorizing the creation of express trusts for the purpose of selling real property, and applying or dis-posing of the proceeds in accordance with the instrument cre ating the trust, and is not in effect, a will. The effect of such

a deed is declared by Section 2804, Comp. Laws, as follows: "Except as hereinafter otherwise provided, every express trust in real property, valid as such, in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beniticiaries take no estate or interest in the property, but may enforce the performance of the trust." Our statute in reference to wills specifically defines the manner in which wills shall be executed. The trust deed in this case was not in accordance with any of the provisions relating to wills. By the authorities cited by appellant in support of his contention, it affirmatively appears from the instruments denominated "trust deeds," and held by the courts in those cases to be wills, that the trust deeds were not to take effect until the death of the grantor, and in some cases the so-called "trust deeds" were executed with the formalities of a will. There is no restriction in this deed as to the time when it shall take effect, and presumptively it would take effect at once upon its delivery.

The title of the property being absolute in the trustees, Mrs. Wyman had no interest therein that could legally be sold on execution. All the interest she acquired in the property was the right to enforce the performance of the trust on the part of the trustees; that is, when the property should be sold and converted into money, and the debts of the said David F. Wyman paid, to have the money received for the property divided among the heirs, as directed in the said deed of trust While, therefore, the sale of the property under the judgment of the appellant would tend to cast a cloud upon the title of the respondents, it is nevertheless a claim without right, and should not be permitted to stand as against the title of the re-

spondents. The conclusions of law, therefore, of the court, that the trust deed was and is a valid conveyance, and vested in said trustees and their successors all the title and property of the said David F. Wyman, with full power to sell and convey the same, and that the said Mary E. Wyman had no interest in the said real estate after the execution and delivery of the said deed, and that the levy of the said execution sale thereunder and said sheriff's certificate constituted a cloud upon respondents' title, which the said respondents were entitled to have quieted by a decree of the court, were clearly correct, and the judgment should be affirmed; and it is so ordered.