ED. DRINKWATER, as Trustee of Cornelius R. Pake, Bankrupt, in Bankruptcy, v. FRANCES E. PAKE and Cornelius R. Pake.

(156 N. W. 930.)

**Referee — findings of fact — assailed for first time — in supreme court — trial court — objections to findings — there first presented.**

1. The findings of fact of a referee cannot be assailed for the first time in the appellate court. But the party dissatisfied with such findings must, in the first instance, present his objections thereto by proper exceptions in the court below.

**Personal property — vendor — sale — possession — control — immediate delivery — change of possession — fraudulent — creditors — good faith.**

2. Under the provisions of § 7221, Compiled Laws, every sale made by a vendor of personal property in his possession or under his control, unless accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold, is presumed to be fraudulent and void as against creditors of the vendor, unless those claiming under the sale make it appear that the same was made in good faith and without any intent to hinder, delay or defraud such creditors.

Opinion filed February 28, 1916.

From a judgment of the District Court of Burke County, *Leighton,* J., defendants appeal.

Affirmed.

*Francis J. Murphy,* for appellants.

There was a bona fide indebtedness by Cornelius R. Pake to his wife, Frances E. Pake, and he had a right to pay to his wife the amount of such indebtedness. She was his creditor, and it was to pay her that the transfer was made. The common law recognizes the right of the debtor to secure or pay one creditor in preference to another. Comp. Laws 1913, §§ 4654, 7218; Cutter v. Pollock, 4 N. D. 205, 25 L.R.A. 377, 50 Am. St. Rep. 644, 59 N. W. 1062; Wannemacher v. Merrill, 22 N. D. 46, 132 N. W. 412.

Creditors of a husband cannot complain of a payment made by him in good faith of an honest debt due his wife. Kolbe v. Harrington, 15 S. D. 263, 88 N. W. 572.

A conveyance by husband to his wife to secure a bona fide debt due

to her from him is not void as to creditors, although the husband's intent is fraudulent, unless the wife knew of such bad intent. Williams v. Harris, 4 S. D. 22, 46 Am. St. Rep. 753, 54 N. W. 926; First State Bank v. O'Leary, 13 S. D. 204, 83 N. W. 45; Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996; Wannemacher v. Merrill, 22 N. D. 50, 132 N. W. 412; Stevens v. Meyers, 14 N. D. 398, 104 N. W. 529.

*George H. Gjertson, E. R. Sinkler,* and *Wolfe & Schneller,* for respondents.

Upon a sale of personal property there must be actual delivery, and immediate and continuous change of possession. Otherwise such sale is presumed to be fraudulent and void as to creditors of the vendor. Comp. Laws 1913, §§ 7221, 7223.

CHRISTIANSON, J. The plaintiff, Ed. Drinkwater, as trustee in bankruptcy of Cornelius R. Pake, bankrupt, brought this action to cancel a transfer of certain personal property from the defendant Cornelius R. Pake to his wife, the defendant Frances E. Pake, on the ground that such transfer was without consideration not accompanied by a change of possession, and was made with intent to hinder, delay, and defraud the creditors of the bankrupt, and is therefore null and void as to such creditors. By consent of the parties a reference was ordered,—the referee being empowered to try all issues and make findings of fact and conclusions of law. A trial was had before such referee, at which both sides produced witnesses and offered evidence. The referee made findings of fact and conclusions of law in favor of the plaintiff, and, subsequently, pursuant to notice, the referee's findings and conclusions were confirmed by the trial court and judgment entered in favor of the plaintiff. The defendants appealed from this judgment and demanded a trial *de novo* in this court.

Appellants' principal contention is that the following finding of fact is not supported by a preponderance of the evidence: "That said assignment and transfer of said property was made without a transfer of actual possession and without a manual delivery of said property. . . . That said transfer of property was without consideration, and was made with intent to hinder and delay and defraud the creditors

of the said Cornelius R. Pake." As already stated, the trial of all issues in this action was had before a referee. The record shows that the referee's findings and conclusions were confirmed pursuant to notice, and that both plaintiff and defendant were represented at such hearing. No exceptions were taken to the referee's findings or conclusions, nor was any objection made to the confirmation of the referee's report at the time of the hearing of the application to confirm such report.

Section 7654, Compiled Laws, provides: "All acts of and proceedings by a referee shall be deemed excepted to in the same manner and under the same conditions as though such proceedings had been before a district or county court; and in all trials before a referee in which such referee shall make findings of fact and conclusions of law, the prevailing party shall serve upon the other a copy of such findings and conclusions, after the same shall have been filed with the clerk of court, with a notice of the time of such filing, and either party may except to any such findings of fact or conclusions of law, by filing a written statement of such exceptions with the clerk within twenty days after the service of such copy of notice; and all such exceptions shall be incorporated in the statement of case which may thereafter be settled. When the findings of fact or conclusions of law of a referee are set aside or modified by the court, the action of the court in that regard shall be deemed excepted to."

This section clearly contemplates that a party who desires to assail a finding of fact or conclusion of law made by a referee must do so, in the first instance, by proper exceptions in the trial court. It is intended that the trial court should know what finding or conclusions (if any) are assailed, when passing upon the application to confirm the referee's report. If it is contended that the evidence is insufficient to support the findings, or any of them, this objection must be called to the trial court's consideration by proper exception. See Illstad v. Anderson, 2 N. D. 167, 49 N. W. 659; 34 Cyc. 858, 860, 866; 17 Enc. Pl. & Pr. 1065. As no exceptions were made to any of the findings of fact or conclusions of law of the referee, they cannot be assailed for the first time in this court. To hold otherwise would be to disregard the plain provision of the statute.

We will add, however, that we have examined the evidence contained in the record, and in our opinion the finding of the referee which is assailed as unsupported by the evidence is sustained thereby. The property transferred consisted of horses, cattle, and machinery belonging to the defendant Cornelius R. Pake. Prior to, at, and subsequent to the time of the transfer, the two defendants were living together as husband and wife upon a farm in Burke county, in this state. After the execution and delivery of the bill of sale, the defendant Cornelius R. Pake continued to use the property as before. It is true he claims that he did so as the agent for his wife, but nevertheless he was still permitted for all apparent purposes to possess and use the property as before. This condition rendered the sale presumptively fraudulent, and placed upon defendants the burden of showing that the sale was made in good faith, and without intent to hinder, delay, or defraud the creditors of Cornelius R. Pake. Comp. Laws, 1913, § 7221.

We are satisfied that the evidence in the case, taken as a whole, sustains the findings of fact made by the referee.

The judgment of the District Court is affirmed.