The BANK OF CODY, Plaintiff and Appellee,

v.

Dennis FANNING, Francis Fanning, Camillus Blair, Neil Fanning, Ronald Fanning, William Fanning, Defendants and Appellants,

and

James Fanning, Jr., Judith R. Fanning, Mathis Implement, Inc., and Marcella Fanning, Defendants.

No. 14418.

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided Aug. 8, 1984.

Lawrence E. Long, Martin, for plaintiff and appellee.

Kenneth R. Dewell, Hot Springs, for defendants and appellants.

HENDERSON, Justice.

Appellants, Dennis Fanning, et al., appeal a summary judgment in favor of appellee, Bank of Cody, rendered by the Sixth Judicial Circuit Court on September 16, 1983. We affirm.

On February 21, 1973, James Fanning, Jr. (Fanning), entered into a contract with his father, James Cameron Fanning, for the installment purchase of certain real estate in Bennett County, South Dakota. James Cameron Fanning died on June 23, 1973, and Fanning was appointed executor of the estate.

On December 17, 1974, Fanning assigned the contract to the Bank of Cody (Bank) as security for certain promissory notes given to Bank by Fanning. Fanning also executed a mortgage on the property in favor of Bank on November 24, 1975, to secure additional promissory notes. Fanning defaulted on the mortgage and on August 17, 1976, Bank brought suit to foreclose.

In lieu of foreclosure, the parties executed a document entitled "Stipulation and Trust Agreement" on March 10, 1979, and thereafter an addendum on December 7, 1979. The gist of the agreements was that Fanning would execute a deed conveying the real estate to the Bank of Cody as Trustee. Fanning then would have until February 1, 1980, to attempt to sell the property himself. In the event he was not able to do so, the Trustee would record the deed and arrange for a public auction sale. The agreements provided that prior to completion of any sale, the Trustee was to pay "any outstanding judgments or liens which shall be a lien on the real estate, and which must be paid in order to clear the title to the real estate." The Trustee would then be in a position to convey merchantable title to the ultimate buyer.

The deed was executed on December 7, 1979. Fanning was unable to sell the real estate. The Trustee recorded the deed on May 21, 1980. A public auction was held and the Bank of Cody purchased the property on November 24, 1980.

On November 21, 1980, just three days before the scheduled public auction, appellants filed six judgments of confession against Fanning in the office of the Bennett County, South Dakota, Clerk of Courts. Appellants claimed these judgments constituted valid liens against the property held by Bank, and insisted on their right to have these liens satisfied in accordance with the Trust Agreement.

Bank then instituted a declaratory judgment action for settlement of the dispute, arguing that because of the conveyance in trust, Fanning had no legal interest in the real estate upon which the judgment liens could attach. The circuit court granted summary judgment in favor of Bank, declaring that the judgments did not constitute liens upon the real estate in question.

Disposition of this case rests on the application of SDCL ch. 43–10. Appellants contend the warranty deed of December 7, 1979, conveyed no interest in the real estate to Bank of Cody as Trustee in light of SDCL 43–10–1.[1] We disagree.

Although SDCL 43–10–1 provides that a disposition of real estate in trust vests no

---

1. SDCL 43–10–1 provides:
   Every disposition of real property whether by transfer or will must be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to any other, to the use of or in trust for such person; and if made to any person, to the use of or in trust for another, no estate or interest vests in the trustee; but he must execute a release of the property to the beneficiary on demand, the latter paying the expense thereof.

interest in the trustee, SDCL 43–10–3 specifically restricts that provision to "nominal trusts," providing:

> Sections 43–10–1 and 43–10–2 do not extend to trusts arising or resulting by implication of law nor prevent or affect the creation of such express trusts as are authorized and defined in this chapter nor do they divest the estate of any trustee where the title of such trustee is not merely nominal but is connected with some power of actual disposition or management in relation to real property which is the subject of the trust.

Further, SDCL 43–10–14 states:

> Except as in this chapter provided, every express trust in real property, valid as such, in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property but may enforce the performance of the trust.

The Trust Agreement herein created an express trust pursuant to SDCL 43–10–4(1),[2] whereby Bank was empowered to sell the property in an efficient and convenient manner. "Express uses and trusts may be created to sell real property and apply or dispose of the proceeds in accordance with the instrument creating the trust." SDCL 43–10–7.

The conveyance of the Fannings' real estate to Bank, by means of a warranty deed, vested title in Bank as Trustee. The judgments against Fanning, therefore, did not attach and do not constitute liens against the real estate. *See Brace v. Van Eps,* 12 S.D. 191, 80 N.W. 197 (1899).

Appellants have no interest in the subject real estate as a matter of law. Therefore, we uphold the summary judgment granted in favor of Bank and against appellants.

All the Justices concur.

**2.** SDCL 43–10–4(1) provides:
No trust in relation to real property is valid unless created or declared:

(1) By a written instrument subscribed by the trustee or by his agent thereto authorized by writing[.]