## BROWN v. McCAUL *et. al.*

1. In an action to recover commissions on sales of farm machinery sold by plaintiff's assignor under a contract which provides that "all commissions are to be paid in paper or money, as the sale may be made, but in no case shall said second party [the plaintiff's assignor] select his own paper," the plaintiff is entitled to recover only the actual value of such paper as shall have been properly selected under the terms of the contract.

2. Where a contract in evidence in an action has been construed by the trial court in its instructions to the jury, and there are no exceptions taken to such instructions by either party, such construction will be assumed, on an appeal from the judgment, to be correct for the purpose of the determination of such appeal; and counsel, on such appeal, will not be permitted to question the correctness of such construction.

3. Where, under the terms of the contract as construed by the trial court, the defendants selected certain notes from those taken in payment for farm machinery sold by plaintiff's assignor under the contract, sufficient at their face value to pay the commissions due to the plaintiff's assignor, and notified the plaintiff of such selection, they so far complied with the terms of their contract as to be liable only for the actual value of the notes so selected; and the verdict of the jury for the face value of the notes was erroneous, and a new trial should have been granted, as the evidence was undisputed that the actual value of the notes selected was much less than their face value.

(Syllabus by the court. Opinion filed Oct. 2, 1894.)

Appeal from circuit court, McPherson county. Hon. H. G. FULLER, Judge.

Action to recover damages for breach of contract. Plaintiff had judgment and defendants appeal. Reversed.

The facts are stated in the opinion.

*Crofoot & Stevens,* for appellants.

Under an express contract fixing the compensation, a party cannot maintain an action for the amount his services are reasonably worth. Cameron v. Austin, 27 N. W. 622. When a contract confers upon one party the right to make a selection of property the assent of the other party to such selection is necessary. Benj. on sales, 326.

*L. T. Boucher,* for respondent.

CORSON, P. J.   The plaintiff brought this action to recover $499.99 damages, alleged to be due him for breach of contract entered into by the defendants, under their firm name of McCaull, Webster & Co., as parties of the first part, and one Gotlieb Mix, as a party of the second part, and which claim was assigned by the said Mix to the plaintiff. The complaint set out the contract in substance, and alleged a breach thereof, in that the defendants had failed and refused to turn over to said Mix or the plaintiff notes for commissions as in said contract provided, and demanded judgment for the amount of such commissions. The defendants, in their answer, after certain qualified denials, alleged an accounting, by which there was found due said Mix, as commissions, $419, and that notes for that amount were selected by defendants, and tendered to said Mix and the plaintiff, and refused by them. They also demanded judgment for the $53.94 pleaded by way of counterclaim. The contract provides for the furnishing to said Mix, by the defendants, Buckeye harvesters, binders, and mowers, at stipulated prices, which said Mix was authorized to sell to farmers upon the following terms and conditions: "Binders are to be sold on three years' time, and mowers on two years' time. All paper taken in payments for machines sold shall be subject to acceptance by the company. It is hereby further agreed that, in case said party of the second part shall take any stock in payment for machines sold, he shall

take the same in payment for commissions, at the option of the said parties of the first part; otherwise all commissions are to be paid in paper or money, as the sale may be made, but in no case shall said second party select his own paper." The case was tried to a jury, who found one special finding and a general verdict for the plaintiff. A motion for a new trial was made, and the following order made thereon: "It is ordered that the defendants' motion to set aside the verdict heretofore rendered in said action on the 25th day of October, 1891, and for a new trial, be granted, unless the plaintiff shall within five days file in the office of the clerk of said court a partial satisfaction of the judgment rendered upon said verdict to the amount of eighty dollars, with interest at the rate of seven per cent. on the eighty dollars from the date of said verdict, and in case said plaintiff shall file in the office of said clerk said partial satisfaction, in accordance with this order, the defendants' motion to set aside said verdict and for a new trial is denied." The plaintiff complied with the condition within the time specified, and the new trial was therefore denied.

The ruling of the court in granting the motion only upon the conditions stated, and the refusal to grant such motion unconditionally on the ground of the insufficiency of the evidence to justify the verdict, are assigned as error. No questions as to the correctness of the court's instructions to the jury, or its rulings on questions of law at the trial, are presented by the assignment of errors. There having been a trial by a jury, the only question for this court to determine is, was there evidence sufficient on the part of the plaintiff to sustain the verdict of the jury? Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728.

The appellants' contention is that the undisputed evidence shows that the defendants selected notes executed by Imberg and Wolf for the amount due Mix, and that said notes were tendered said Mix and the plaintiff but refused by them. They further contend that, as the notes were to be passed upon

and accepted by the company,—that is Aultman Miller & Co.,
—for which the defendants were acting as agents, the defend-
ants were not required to turn over notes to Mix or plaintiff until
that company had passed upon and accepted the notes, and that
defendants did not receive the notes until February 15, 1891.
They further contend that if the fact of the tender is disputed,
and there is a conflict in the evidence upon that question, there
is none as to the selection of the notes by the defendants, and
that the notes selected were of the value not exceeding $80, and
that that amount less the $53.94 was all the plaintiff in any
event was entitled to judgment for.   The respondent insists—
First, that the defendants were not authorized by the contract
to select the notes specified, and that such selection was not
binding upon the said Mix or plaintiff; second, that the evi-
dence showed that no tender of these notes was made, except
upon condition that plaintiff pay the defendants in cash the
$53.94 due the defendants from the said Mix for goods sold him.
While there might be a question as to whether or not the de-
fendants, under the contract, were authorized to make the se-
lection of the notes to be turned over to the plaintiff, that ques-
tion is settled in this case by an instruction of the court, to
which no execption appears to have been taken by either party.
The instruction is as follows: "Fifth. The court instructed the
jury that, for all sales made by Mix, payment was to be made
in paper for the sales that were so made, and not in money,
and that defendants were entitled to select the notes, and that
Mix or Brown had no right to select them." Assuming there-
fore, for the purposes of this case, that the defendants had the
right to make the selection of the notes which were to be given
the plaintiff, we think the evidence is undisputed that the se-
lection was so made, and the plaintiff notified of the selection.
This being so, the fact that the defendants insisted upon the
payment of the bill of $53.94 before they would deliver the
notes cannot affect thé case.   If they were authorized to make
the selection, and did so make it, and notified the plaintiff of

the selection made, all the plaintiff was entitled to recover was the value of these identical notes. The theory upon which the plaintiff recovered this judgment was that he was entitled to the amount of his commissions at the face value of the notes, to which he contended he was entitled under the contract. This theory was clearly erroneous, and the special finding of the jury that the plaintiff was not required to accept these notes does not aid the plaintiff. Whether or not the plaintiff was required to accept notes selected depended upon the construction of the contract, and such construction was for the court to determine, and not for the jury. The court, in effect, did determine it by his construction of the contract as given in his instruction quoted above.

It is contended by counsel for respondent that there was undue delay on the part of the defendants in making the selection. We think this contention is not tenable, for the reason that, by the terms of the contract, the notes and securities were to be submitted to the "company" for acceptance. We think, in view of the fact that plaintiff's assignor knew that the defendants were the agents of Aultman, Miller & Co., and that all notes were taken in the name of the company, the expression "all paper taken in payment for machines sold shall be subject to acceptance by the company" should be construed as refering to that company, and not to the defendants, who seem to have been only copartners. This being so, the defend-ants were entitled to a reasonable time to submit the paper to that company. The evidence shows they did so submit the paper, and, on being advised of the acceptance by the company, they immediately selected the notes for plaintiff, and notified the plaintiff of the selection. We are of the opinion that the defendants had no right to insist upon the payment of the assignor's bill before they would deliver the notes or make the payment of his bill a condition precedent to the de-livery of the notes; but, as it appears from the evidence that the plaintiff absolutely refused to accept the notes selected

in any event, this act of the defendants did not, change the rights of the parties, or estop the defendants from claiming the benefit of the selection. As the undisputed evidence was that the notes selected were of a value not to exceed $80, it is clear that the verdict of the jury was erroneous, and that a new trial should have been granted, absolutely, and not conditionally. The order denying the motion for a new trial unconditionally is reversed, and a new trial granted.

FULLER, J., took no part in this decision.