## GREDER v. STAHL.

Error in refusing to direct a verdict for defendant at the close of plaintiff's case is waived by the failure to renew the motion at the close of all the evidence.

An instruction to which no exception was taken will for the purpose of the decision on appeal from the judgment rendered be regarded as the law of the case.

It is not essential that the seller in express terms consents to the rescission of the contract of sale but the consent may be implied from his conduct, and, where the seller received back the property sold and retained the same without objection or notice to the buyer that he refused to accept the same, his consent to a rescission will be presumed.

Where a seller consents to the rescission of the contract of sale, the law raises an implied agreement on his part to refund the price paid.

A buyer of a team of horses discovered a few days after the purchase that one of them was not sound. He thereupon returned the team to the sellers farm, and left it with a son of the seller, informing him as to the reasons for returning the same. The horses were retained by the seller, and no notice was given by him to the buyer that he did not accept them. Held to justify a finding that the seller consented to a rescission of the contract of sale, rendering him liable to the buyer for the price paid.

(Opinion filed, April 9, 1908.)

Appeal from Circuit Court, Douglas County. Hon. E. G. SMITH, Judge.

Action by Rose Greder against John Stahl. From a judgment for plaintiff, defendant appeals. Affirmed.

*Walker & Gurley,* for appellant.

A rescission of an executed contract by mutual consent of both parties thereto is simply the entering into and executing a new contract complete in all its features wherein the vendor becomes the vendee, the vendee becomes the vendor, and the vendor receives back the property sold by him and returns, or agrees to return, the consideration paid. Quincy v. Titton, 5 Me. 277; McLean v. Richardson, 127 Mass. 339; Harman v. Sanderson, 14 Miss. 41; Towers v. Barrett, 1 T. R. 133; Payne v. Whale, 7 East 274. Acceptance of an offer may often be inferred from silence. If a person sends goods to another without request, if he uses them or deals with them as his own his acceptance of them will be implied. He is not bound, however, to return them,

and from his mere failure to do so he 'cannot be charged with accepting them. 9 Cyc. 258; Pollock · Contracts 11; Thompson v. Douglas, 35 W. Va. 337; Hobbs v. Massasoit Whip Co. 158 Mass. 194; Royal Insurance Co. v. Beatty, 119 Pa. St. 6; Orcutt v. Roxbury, 17 Vt. 524; Dake v. Patterson, 5 (Hun.) 558; Wasilewshi v. Wendell, 9 N. Y. St. 508.

*E. P. Wanzer*, for respondent.

To authorize the direction of a verdict for either party the evidence of the opposite party must be considered as undisputable and it must be given the most favorable construction for him that it will properly bear and he must have the benefits of all reasonable inferences arising from his testimony. Bohl v. Dell Rapids, 15 S. D. 619, 91 N. W. 315; Marshall v. Harney Peak Tin Min. Mill and Mfg. Co., 1 S. D. 350, 47 N. W. 290; Merchants Nat'l Bank v. Stebbins, 15 S. D. 280, 89 N. W. 674. The appellant did not renew the motion to direct a verdict for the defendant at the close of the case and therefore waived any rights he might have under the former motion. By failing to renew the motion, the court will understand that the original motion to direct a verdict was abandoned.

CORSON, J. This is an appeal by the defendant from a judgment entered upon a verdict of a jury in favor of the plaintiff. The action was instituted by the plaintiff to recover from the defendant the sum of $280, which he had paid to the defendant upon the purchase of a team of horses, and which the plaintiff claims was rescinded by consent. The answer was a general denial. At the conclusion of plaintiff's evidence the defendant moved the court to direct a verdict in his favor, which motion was denied, and, the motion not being renewed at the conclusion of all the evidence, the same must be deemed waived. Haggarty v. Strong, 10 S. D. 585, 74 N. W. 1037; Brace et al. v. Van Eps, 12 S. D. 191, 80 N. W. 197; Seim v. Krause, 13 S. D. 530, 83 N. W. 583; Torrey v. Peck, 13 S. D. 538, 83 N. W. 585.

It is contended by the defendant that the verdict of the jury, finding as it did, in effect, that there was a rescission of the contract by mutual consent, was not supported by the evidence. It is disclosed by the evidence that the plaintiff purchased of the de-

fendant a team of horses for the sum of $280, which was paid; that a few days after the purchase of the horses the plaintiff discovered that one of the horses was not sound, and thereupon returned them to the defendant's farm and left them with the son of the defendant, informing him as to the reasons for returning the same; that the horses were retained by the defendant, and no notice given by him to the plaintiff that he did not accept them. The court in its charge to the jury instructed them as follows: "Was this transaction between the plaintiff and defendant rescinded by consent of the parties  What constitutes a rescission by consent? It is simply a returning to the party the property which was bought, and, if the other party accepts and retains it, that would be sufficient evidence from which the jury might imply an assent to a rescission of the contract. * * * But there could be no question. * * * that if the party receives back the property, and kept it without any objection at all, without notifying the other party that he would not accept it back by way of rescission, provided he knew when it was returned to him that that was what the party was attempting to do, to rescind the contract, if he kept it, knowing that fact, it would amount to a rescission." No exception was taken to this instruction of the court; hence for the purpose of this decision this must be regarded as the law of the case. Brown v. McCaul, 6 S. D. 16, 60 N. W. 151. But independently of this rule, however, we are of the opinion the instruction was correct, and that the defendant by his failure to notify the plaintiff that he did not accept the horses, and by retaining them, did in effect consent to the rescission of the contract.

It is not essential that the defendant in express terms consent to the rescission of the contract, but such consent may be implied from his acts or conduct, and where, as in the case at bar, the defendant receives back the property sold and retains the same without objection or notice to the other party that he refused to accept the same, his consent will be presumed, and the law raises an implied agreement on the part of the seller to refund the consideration paid for the property. The learned author on the subject of Sales (24 Am. & Eng. Enc. of Law, 1097) says: "Consent to rescission may be either express or implied from the language and

conduct of the parties"—and in support of which a large number of authorities are cited. We are of the opinion that the jury in this case was fully justified in finding from the evidence that there was such a consent on the part of the defendant, and, the contract being so rescinded by his consent, he became liable to the plaintiff for the amount he had received in payment for the horses.

The judgment of the circuit court and order denying a new trial are affirmed.