## J. I. CASE THRESHING MACH. CO. v. GIDLEY.

An order allowing an amendment of defendant's answer during trial was not prejudicial to plaintiff, where the trial court offered plaintiff a continuance, which plaintiff declined.

In the absence of a request for a more specfic instruction, a party cannot on appeal complain that an instruction erroneously failed to define a certain term.

Error in refusing to direct a verdict for plaintiff at the close defendant's evidence is waived by plaintiff's failure to renew the motion after the introduction of further evidence on the part of defendant under leave of court.

A breach of warranty in the sale of a machine is not failure of consideration.

An instruction to which no exception was taken will for the purpose of the decision on appeal be regarded as the law of the case.

In an action for the purchase price of a machine, the answer was insufficient as a counterclaim for damages for breach of warranty, where it did not allege what the value of the machine would have been if as warranted.

An agreement in a contract for the sale of a machine with warranty that, if after a trial the machine shall fail to fulfill the warranty, notice shall be given the seller, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given the seller to send a competent person to remedy the difficulty, and the failure to make a trial or give notice shall be conclusive evidence of due filfillment of the warranty, is a binding contract upon the parties who execute it.

A contract for the sale of a machine with warranty providing that, if after 10 days' trial by the purchaser the machine warranted shall fail to fulfill the warranty, written notice shall be given, is not a mandatory requirement that the purchaser continue his attempts to use the machine for 10 days, but is a mere limitation upon his time for trial.

Under a contract for the sale of a machine with warranty providing that, if after 10 days' trial the machine shall fail to fulfill the warranty, written notice shall be given to the seller, stating in what parts and wherein it fails to fulfill the warranty, a notice that the machine was unsatisfactory, and that the purchaser could not make it work and wanted a man to make it work, was insufficient.

If the seller of a machine sold with a contract of warranty, providing that, if it be defective, notice should be given specifying the defects, acts upon a notice which merely states that the machine is defective, and undertakes to remedy the defects, he waives the objection that the notice was not in the proper form, but the mere fact that employes of the seller visited the place where the machine was being tried, there being nothing to show that they came by the seller's direction or authority, is not sufficient to show waiver of notice.

Testimony that parties not before the court declared they were agents of plaintiff is not admissible.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Potter County. Hon. LYMAN T. BOUCHER, Judge.

Action by the J. I. Case Threshing Machine Company against Nelson Gidley. From the judgment for defendant, plaintiff appeals. Reversed and remanded.

*Case & Shurtleff,* for appellant. *Robert B Fisk,* for respondent.

SMITH, P. J. Action upon three promissory notes given by defendant to plaintiff for a corn shredder and husker of plaintiff's manufacture. The transaction was based upon a written order dated November 24, 1905. Under the terms of the order, the machine was warranted to be "made of good material and with good care to do as good work under the same conditions as any made in the United States of equal size and rate of capacity, when operated by competent persons and with sufficient power." Defendant received the machinery on the 28th of November, 1905, operated it upon seven different days, and returned it on the 20th of December, 1905, leaving it in front of the machine house of one E. Mesick, plaintiff's agent at Gettysburg, where it had been unloaded from the cars and received. Defendant alleges that the machine failed to do good work, in that the ears of corn passed between the snapping rolls, and became crushed and ground up and thrown into the shredded pile of cornstalks. The complaint was in the usual form upon promissory notes, pleading a chattel mortgage, default in payment, and demand for foreclosure. The answer admits the execution of the notes and mortgage and nonpayment. In his original answer defendant pleaded that the husker and shredder was purchased by defendant upon an express warranty that it was a machine fully capable of doing the work for which it was built and intended, to-wit, a husker and shredder of corn; that it utterly failed to do the work for which it was designed and which it was warranted to do, and was and is utterly worthless and of no value whatever; that, upon the failure of said machine to do the work warranted, it was delivered back to plaintiff, who accepted the same in full settlement of all claims against defendant under or by reason of the notes and mortgage mentioned in the complaint; and that defendant never received any value or consideration whatever for the notes and mortgage.

Toward the close of the trial defendant's counsel asked leave to amend the answer by setting up in full the order under which the machinery was purchased, which was granted and the answer subsequently amended. The entire order thereby became a part of the answer, and all its terms and conditions are before the court and undisputed. In the amended answer defendant again pleads that he never received any value or consideration for the notes and mortgage, alleges that upon failure of the machine to do the work it was designed and warranted to do, and after defendant had given it a fair trial, during which the machine was furnished with sufficient power and competent persons to operate it, and the printed rules and directions of the plaintiff were diligently followed by the defendant, said machine utterly failed to do the work for which it was designed, and defendant, promptly at the expiration of ten days' trial, returned and delivered the machine to plaintiff at the place where the same had been received, notified the plaintiff thereof, and demanded that plaintiff make the machine work or return the notes and mortgage, but that the plaintiff failed and refused to comply with the obligations resting upon it, and has neither fixed said machine so it would work or returned to the defendant his notes and mortgage. Defendant further pleads that plaintiff accepted the return of said machinery in full settlement of all claims under the contract and order.

[1] Appellant assigns as error the order permitting amendment of the answer, but, as the trial court offered plaintiff a continuance if in any manner surprised by the amendment which plaintiff declined to accept but elected to proceed with the trial, we are unable to see in what possible manner plaintiff could have been prejudiced, and do not deem the assignment worthy of further consideration. The case was tried to a jury and a verdict returned for defendant on all the issues.

[2] At the trial issues were submitted to the jury under the pleadings as to whether defendant had complied with the terms and conditions in the contract in the trial of the machinery, and in giving plaintiff notice of failure of the machine to perform

according to the warranty. In connection with these issues the
court instructed the jury, among other things, that, if the jury
found the defendant had "substantially complied" with his con-
tract in the respects specified, he should recover in the action.
The court did not explain what would constitute a "substantial
compliance" with the contract, and appellant excepted to the in-
struction on the ground that it gave the jury too wide a discre-
tion, and was prejudicial to plaintiff. This instruction is doubt-
less open to criticism; but, in the absence of a request on the part
of plaintiff for a more specific instruction, we do not deem the
failure of the court to define the meaning of the words "substan-
tial compliance" to be reversible error.

[3-5] At the close of defendant's evidence, plaintiff moved
for direction of a verdict for insufficiency of evidence. Defendant
then asked, and was given, leave to open his case for introduction
of further material evidence, after which defendant again rested.
Motion for direction was not thereafter renewed. Under the
well-settled rule of this court, the motion, not having been re-
newed at the close of all the evidence, is not now available to
test the sufficiency of the evidence. Rogers v. Gladiator Gold
Mining Co., 21 S. D. 412, 113 N. W. 86; Greder v. Stahl, 22
S. D. 139, 115 N. W. 1129; Dring v. St. Lawrence Township, 23
S. D. 624, 122 N. W. 664. No exception was entered to the
instructions of the court save the one above alluded to, and we
may therefore assume that the real issue tried to the jury and
understood by the parties was that stated and defined by the in-
structions. The court told the jury: "The defendant claims that
the failure of the consideration for those notes consists in this:
That he bought of the plaintiff's local agent there in Gettysburg a
J. I. Case corn shredder and husker, and that the plaintiff war-
ranted it, by a special warranty, to do as good work as any other
machine of like character in the United States under similar con-
ditions and where the machine is of like size and rate capacity,
and he says and claims that the machine did not comply with
that warranty, and that it did not do either good work or as good
work as other machines of like size and capacity; that, therefore,

there was a failure of consideration, that he really received nothing of value for those notes, and he should not be required to pay them. * * * I mean by that that if you should find that the machine failed to come up to the warranty, and if you should also find that the defendant failed to comply with his part of the contract, then the defendant's case would not be made out, and the plaintiff would be entitled to its judgment upon the notes; but if, on the other hand, you find that the machine did not come up to the warranty, and do find that the defendant did substantially comply with the terms of the agreement on his part, then I instruct you that your verdict should be for the defendant on the issues, and he should not be required to pay these notes, for in that case there would be failure of consideration as he alleges." That these instructions were erroneous is too evident to require discussion. In brief, the jury were told that a breach of warranty constitutes a failure of consideration. But this instruction, erroneous as it is, not being excepted to and assigned as error on appeal, becomes the law of the case. Greder v. Stahl, 22 S. D. 139, 115 N. W. 1129.

[6] And in this connection we may note that the answer itself is wanting in allegations essential to a defense of breach of warranty with damages. Acme Harvesting Mach. Co. v. Barkley, 22 S. D. 458, 118 N. W. 690. The issue to the jury was failure of consideration. The charge assumed that the failure of consideration depended upon whether there was a breach of warranty. The breach of warranty alleged in the complaint was "that the said corn husker and shredder utterly failed to do the work for which it was designed, to-wit, the husking and shredding of corn; that the same utterly failed to do the work which the said plaintiff warranted the same to do, and warranted that it would do, to-wit, husking and shredding of corn, and that said machine was, and is, utterly worthless as a corn husker and shredder, and was, and is, of no value whatever." The evidence introduced at the trial and in the record before us is ample to sustain the verdict, finding, in effect, that the machine failed, in the language of the trial court in its instructions to the jury, to "come up to the

warranty." But the court also instructed the jury that it was essential to the defense of failure of consideration that they should find that defendant "had substantially complied with the terms of the agreement on his part." Under this instruction, appellant had the right to assign, and has assigned, insufficiency of the evidence among other things as follows: "(1) The evidence of defendant wholly fails to show that defendant gave to the machinery in question the trial provided for and agreed to be given by him, as shown in the contract (Exhibit 1). (2) The evidence wholly fails to show that defendant gave to plaintiff company the notice of the failure of the said machinery to comply with the warranty as provided for by the contract (Exhibit 1). (3) The evidence wholly fails to show that defendant gave any notice to O. E. Mesick, the local agent, through whom he obtained the machinery as provided for in the contract (Exhibit 1)."

[7] The contract provided: "If by so doing, after trial of ten days by the purchasers, said machinery shall fail to fulfill the warranty, written notice thereof shall at once be given to J. I. Case Threshing Machine Company at Racine, Wisconsin, and also to the agent through whom received, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given to said company to send a competent person to remedy the difficulty. * * * Failure so to make such trial or to give such notices in any respect, shall be conclusive evidence of due fulfillment of warranty on the part of said company and that the machinery is satisfactory to the purchasers, and the company shall be released from all liability under the warranty." It is the settled law that such a contract is binding on parties who execute it. Northwest Thresher Co. v. Mehlhoff, 23 S. D. 476, 122 N. W. 428.

[8] We think, however, that the provision in the contract for a 10 days' trial of the machinery should be construed as a limitation upon the purchaser's time for trial, rather than a mandatory requirement that he continue attempts to use the machinery for full 10 days.

[9] We are of opinion the evidence is sufficient to show that defendant mailed a written notice to plaintiff, but it is entirely

clear that the notice itself, as disclosed by the evidence, is not such as is required by the terms of the contract. No written notice or letter was produced at the trial, but · upon sufficient foundation laid defendant was permitted to show its alleged contents by parol. For this purpose defendant was asked: "State what you wrote in that letter to the company—the first one. A. It was to the effect that I could not make the machine work, and I wanted a man to make it work." Another letter offered in evidence, written after the return of the machine, was as follows: "I have brought back the shredder that I bought of you. The men that you sent here did not do anything with it. I want my notes back or the machine fixed so it will fill the contract." The contract requires that the notice shall state "in what parts, and wherein it fails to fulfill the warranty." The rule is thus stated in 35 Cyc. 427: "If the contract so provides, the notice must specify the particulars in which the article is defective in order to fix the seller's liability, and a mere general statement that it is not satisfactory or does not work well is insufficient; and, in an action for breach of warranty, the buyer is confined to the objections stated in his notice." The notice proved is not a compliance with defendant's contract. The answer alleges, however, that "plaintiff by and through its agents and employes had tried on three different occasions to make the machine do what it was designed to do and what plaintiff had warranted it to do, but without success, which agents and employes had been sent by plaintiff in response to said notices."

[10] It is well settled that, "if the seller or his authorized agents acts on the notice received and undertakes to remedy the defects, it is a waiver of the objection that the notice was not in proper form, or was not given in proper time. The theory of the cases is that as the notice is for the benefit of the seller, if he acts on it, he waives any abjection thereto." 35 Cyc. 427. The evidence discloses that two different men came to the place where the machine was being tried after it was started; but it is not shown by any evidence whatever that they came in response to the notice sent by defendant to plaintiff.

[11] The evidence does disclose declarations by these men that they were agents of plaintiff, which evidence is incompetent under the most elementary rules of law, but it wholly fails to show that they came by direction or authority of plaintiff. The evidence is therefore insufficient to show a waiver of notice, even if we assume that waiver might be shown without pleading it in the answer—a point which we do not decide.

The record in this case requires that the judgment and order denying a new trial be reversed and a new trial granted.

WHITING, J. I concur in the conclusion announced in the foregoing opinion.