## WOOD et al. v. CAMPBELL.

Overruling of motion to direct verdict for defendant at the close of plaintiff's case will not be reviewed if the motion was not renewed at the close of all the evidence.

A harborer of a vicious dog is liable for injuries caused by it, regardless of ownership, and hence, in an action against a harborer for such injuries, it was immaterial that he had given the dog to another.

"Harboring" means protecting, and one who treats a dog as living at his house, and undertakes to control his actions, is the owner or harborer thereof, as affecting liability for injuries caused by it.

If the record does not contain the instructions, the jury is presumed to have been properly instructed.

(Opinion filed, October 19, 1911.)

Appeal from Circuit Court, Gregory County; Hon. R. B. Tripp, Judge.

Action by William H. Wood and another against A. J. Campbell, Jr. Judgment for plaintiffs, and defendant appeals. Affirmed.

*W. J. Hooper,* for appellant.

McCOY, J. Plaintiff commenced this action in justice court to recover damage to the amount of $99.50 for certain hogs alleged to have been killed by a dog owned, kept, and harbored by defendant. Plaintiff recovered a judgment in the justice's court, and an appeal was taken to the circuit court, where a trial was had de novo, and a judgment rendered in favor of plaintiff for $59 and costs. Defendant brings the cause to this court on appeal.

[1] It appears from the record that said dog killed one of plaintiff's hogs of the value of $8 in December, 1909, and that others of the plaintiff's hogs were killed by said dog in January, 1910. At the conclusion of plaintiff's case, defendant moved the court to direct a verdict in favor of defendant as to the hog killed in December, 1909, for the reason that at the time this hog was killed defendant had no notice or knowledge of the vicious nature of the dog. The record does not disclose that this motion was renewed at the close of all the evidence, and therefore, under the well-established rule of this court, alleged error based thereon will not be reviewed or considered on appeal. Rogers v. Gladiator Mining Co., 21 S. D. 412, 113 N. W. 86; Greder v. Stahl, 22 S. D. 139, 115 N. W. 1129.

[2] Plaintiff called one Teje as a witness, who testified that defendant gave him the dog in question on February 22, 1910. On cross-examination Teje was asked the following questions: "Will you swear that on or about January 1, 1910, at Dixon, S. D., at your meat market, you did not have a conversation with O. I. Orr, in which conversation Mr. Orr stated to you that Mr. Campbell (the defendant) had got him (Orr) to kill the dog, and you stated to Orr, 'Do not kill him,' that Campbell had given the dog to you, or words to that effect?" Teje answered: "I had no such conversation." Defendant then called Orr, and asked him the following question: "Did you have a conversation with Mr. Teje at his meat market at Dixon, S. D., on or about January

1, 1910, in which conversation you stated to Teje that Mr. Campbell, the defendant, had gotten you to kill his dog, and Teje stated to you, 'Do not kill him,' that the dog belonged to him (Teje)'; that Mr. Campbell had given the dog to him (Teje), or words to that effect." To which question plaintiff objected for the reason that the same was incompetent, immaterial, hearsay, nor proper cross-examination, and calling for an impeachment of a collateral matter. The objection was sustained, and defendant excepted, and now assigns such ruling as error. We are of the opinion that the court ruled correctly. The evidence of plaintiff showed that during the months of January and February the dog was kept continually at the defendant's house, and there harbored by him; and that during such months defendant had knowledge of the vicious nature of the dog. Under this state of facts, it was wholly immaterial whether or not defendant owned the dog during the months of January and February.

[3] "One who keeps, harbors, or has charge of vicious animals is liable for injuries caused by them, regardless of ownership, and even when such keeping is without the consent and against the wishes of the animal's owner. Harboring means protecting, and one who treats a dog as living at his house and undertakes to control his actions is the owner or keeper within the meaning of the law." 2 Cyc. 378, 379; Hornbein v. Blanchard, 4 Colo. App. 92, 35 Pac. 187; Marsel v. Bowman, 62 Iowa, 57, 17 N. W. 176. If defendant continually kept and harbored the dog during January, 1910, it was immaterial whether defendant gave the dog to Teje on January 1st, or February 22d.

[4] The record does not disclose what instruction the trial court gave to the jury on this subject, and it must be presumed the jury were correctly instructed as to the effect of the keeping and harboring of the dog, regardless of the question of ownership, and it must be presumed that the jury followed the instructions.

Fnding no error in the record, the judgment of the circuit court is affirmed.