J. I. Case Company *v.* Boothe.

5-1096                                                     296 S. W. 2d 894

Opinion delivered December 10, 1956.

[Rehearing denied January 21, 1957.]

*Rose, Meek, House, Barron & Nash, Phillip Carroll,* and *J. B. Reed,* for appellent.

*Frances D. Holtzendorff* and *J. F. Holtzendorff,* for appellee.

J. Seaborn Holt, Associate Justice.   On March 20, 1954, Anderson Brothers, hardware dealers in Carlisle, Arkansas, sold to Boothe a J. I. Case combine for $7,731.49, and Boothe executed a title retaining note and sales contract for said purchase price.  Anderson Brothers

and Boothe discounted this note and contract to a bank at Hazen, and both endorsed it with recourse. The note was to be paid in installments, and when endorsed to the bank the principal of the note had been reduced to $5,130.00 plus interest to maturity, which interest amounted to $512.86. Anderson Brothers had purchased the combine from a J. I. Case dealer in Memphis, Tennessee, and they were furnished a J. I. Case warranty on the machine, which contained these provisions, material here: "ALL NEW CASE PRODUCTS ARE SOLD SUBJECT TO THE FOLLOWING WARRANTY—J. I. Case Company, hereinafter called 'Company,' warrants each new case product . . . 1. To be well made of good material and to be durable with good care . . . 2. If properly set up, adjusted, and operated by competent persons, to be capable under ordinary conditions of doing the work for which it is designed. (a) If upon operation by the purchaser in the manner aforesaid for two days any Case product shall fail to fulfill such warranty, written notice thereof shall be given at once to the dealer from or through whom the same was purchased. If the dealer does not remedy the defect within two days after notification, then immediate written notice of the defect particularly describing the same, specifying the time of discovery thereof and the time of notification to the dealer shall be given by registered letter to J. I. Case Company at its branch house having jurisdiction over such dealer's territory, after which notice reasonable time shall be given to the Company to either send a competent person to remedy the defect or suggest by letter the remedy of the defect, if it be of such a nature. If the product is found by the Company to be defective in material or workmanship, then the Company will see to it that the defect is remedied, otherwise, purchaser agrees to pay the expenses incurred by the Company with reference thereto and in any event purchaser agrees to render necessary and friendly assistance without compensation. (b) If, after such notice and opportunity to remedy the difficulty, the Company fails to make the product fulfill the warranty, the part that fails shall be returned immediately by the purchaser, free of charge,

to the place from whence it was received and the Company notified thereof at its Branch House aforesaid, whereupon the Company shall have the option to furnish another machine or implement or part in place of the one so returned which shall fulfill the warranty, or to cause to be returned the money and notes or proportionate part thereof received for such machine or implement or part and no further claim shall be made. (c) Failure to give notice, or the use of any Case product after the two (2) day limit aforesaid without giving such notice, or failure to return such product or part as aforesaid shall be conclusive evidence of due fulfillment of the warranty  .  .  ."

The sales contract and note above, under which Anderson Brothers sold the combine to Boothe, contained the above J. I. Case warranty. The J. I. case dealer in Memphis was J. I. Case's authorized dealer-agent and representative to sell combines, all of which carried the J. I. Case warranty. Boothe failed to pay anything on the note, and carry out the sales contract held by the bank, and the bank on April 5, 1955, sued him and Anderson Brothers. Boothe answered, and in a cross-complaint made the J. I. Case Company a defendant, relied on the standard warranty above, alleged breach of said warranty in that the combine was defective, would not work, and, in effect, was worthless, and prayed for judgment against both Anderson Brothers and J. I. Case, jointly and severally. Anderson Brothers answered, denied giving any warranty and also alleged that the notice provision in the warranty had not been complied with, and counter claimed against Boothe for recovery on an open account and note. J. I. Case answered and denied giving a warranty, and alleged that even though Case had given a warranty, Boothe had not complied with its terms as to giving Case the notice required. Boothe replied to Case and alleged that Case had waived the warranty as to notice.

On a trial it appears that all defendants, Boothe, Case and Anderson Brothers, conceded that the Bank was entitled to a judgment in the amount of $5,130, on

the note and sales contract sued on, and interest; and judgment was given against Boothe and Anderson Brothers. The cause was then tried to a jury on the issues as to the remaining parties, Boothe, Anderson Brothers and Case, which resulted in the following verdict: "We, the jury, find for Harry Boothe against J. I. Case Company and Anderson Brothers in the sum of $4,474, and also we find for Anderson Brothers against Boothe on the side note in the amount of $1,402.64 with 10% interest from October 10, 1955, and $109.65 for the open account. /s/ S. E. Greenwalt, Foreman." This appeal followed.

For reversal J. I. Case says that: The court erred in permitting in evidence a warranty which was attached to the note and sales contract given to the bank, which warranty was different from the general J. I. Case warranty above that went with the combine; that Case was not a party to this changed or new warranty and not bound by its terms. Case further says: ". . . The form containing the J. I. Case Company warranty was discarded and a new warranty was given (to the bank). This warranty . . . recites on its face that it is the only warranty given. Said warranty was given by Anderson Brothers without the authority of and in violation of its dealer's contract with the J. I. Case Company . . ." We see no merit to this contention. Regardless of the warranty attached to the note and sales contract given to the bank, the bank secured a judgment against Boothe and Anderson Brothers only, it sought no judgment gainst J. I. Case Company. It must be borne in mind that the J. I. Case warranty which admittedly went with the combine, bound the J. I. Case Company, its dealer in Memphis, who sold to Anderson Brothers in Carlisle, and bound Anderson Brothers who sold to Boothe, so Anderson Brothers and Case are clearly liable on this warranty to Boothe, unless Boothe violated certain conditions of said warranty, as alleged by appellants.

Without attempting to detail the evidence, we hold that there was ample substantial evidence to warrant the finding of the jury that the combine was defective and

would not perform. Appellants say: "Assuming that the Case warranty is applicable, appellee did not comply with the notice provisions in Paragraph 2 (a), (b) and (c)." Whether the notice as to defects was given as required, or if not given waived by appellants, was a question of fact for the jury under proper instructions. Appellee presented evidence tending to show that notice was given and further that such required notice had been waived. Appellants make no serious contention that Anderson Brothers had continual notice of the defective condition of the combine, nor that they made approximately 30 or more efforts to repair the machine without success. Boothe continued to complain to Anderson Brothers that the machine did not work, Anderson Brothers called an agent and representative (R. J. Plunk) of J. I. Case in Memphis, Tennessee, on the telephone in regard to the defective condition of the machine, and after this telephone conversation further attempts to make the machine work, as directed by Plunk, Case's representative in Memphis, utterly failed. In *J. I. Case Threshing Mach. Co.* v. *Gidley*, 28 S. D. 101, 132 N. W. 711, we find: "(10) It is well settled that, if the seller or his authorized agent acts on the notice received and undertakes to remedy the defects, it is a waiver of the objection that the notice was not in proper form, or was not given in proper time. The theory of the cases is that as the notice is for the benefit of the seller, if he acts on it, he waives any objection thereto." There was substantial evidence that Boothe complied with the Case warranty by offering to return the machine to the seller at its place of business in Carlisle (Anderson Brothers) from whom he purchased it. When asked concerning Boothe's offer to return the combine to him, Arlie Anderson, of Anderson Brothers, testified: "A. He didn't ask me to take it back. He offered to return it. Q. He offered to return it and you didn't accept his offer. A. I told him it would work a financial hardship on us if we did." From this the jury was warranted in finding, as it must have, that the return of the machine under the warranty had been waived. There was evidence that Boothe was induced to retain the machine beyond the time stated in

the warranty by reason of the continued and repeated attempts and promises by Anderson Brothers to repair the machine and put it in proper condition. The knowledge, — which the testimony shows, — of Anderson Brothers, an authorized representative and agent of the Case Company, that the machine was defective and would not perform was notice to the company.

On the facts presented by this record we hold that there was substantial evidence presented to support the jury's verdict and the judgment returned. We find no error in the instructions given by the court. Accordingly, the judgment is affirmed.

Justice GEORGE ROSE SMITH not participating.