HIERS *v.* DETROIT SUPERINTENDENT OF SCHOOLS.

DECISION OF THE COURT.

1. APPEAL AND ERROR — TEMPORARY INJUNCTION — DISCRETION OF COURT.

> The Supreme Court will not interfere with the grant or denial of a temporary injunction except on a showing of a probable abuse of the discretion lodged in the trial court.

2. INJUNCTION—TEMPORARY—DISCRETION OF COURT—TRANSFER OF ELEMENTARY SCHOOL PUPILS.

> Denial of temporary injunction in class action by parents of elementary school pupils against school superintendent and board of education to prevent transfer to other elementary schools in same district *held,* not an abuse of discretion, where there was no showing at all to support allegations of bill (CLS 1961, § 340.589).

3. APPEAL AND ERROR—RECORD—BRIEFS.

> Statements of facts made by counsel in the briefs or on oral argument are outside the record on appeal.

4. SAME—RECORD—QUESTIONS REVIEWABLE.

> Omissions from the record which are not cured by the time the case is submitted on appeal cannot be considered by the reviewing court in reaching its decision.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  28 Am Jur, Injunctions § 332.
[2]  28 Am Jur, Injunctions §§ 14, 332.
[3]  4 Am Jur 2d, Appeal and Error §§ 515, 541, 692.
[4]  4 Am Jur 2d, Appeal and Error § 493.
[5]  41 Am Jur, Pleading §§ 340, 342.
[6]  28 Am Jur, Injunctions §§ 35, 36.
[7]  28 Am Jur, Injunctions §§ 14, 35, 36, 332.
[8, 9]  47 Am Jur, Schools §§ 12, 42, 45, 152.
[10]  47 Am Jur, Schools §§ 45–47.
 41 Am Jur, Pleading § 341.
[11]  47 Am Jur, Schools § 47.
 41 Am Jur, Pleading §§ 340–342.
[12]  5 Am Jur 2d, Appeal and Error § 1009.
[13]  47 Am Jur, Schools §§ 45–47.

5. Pleading—Summary Judgment.

Every well-pleaded allegation in a complaint is assumed to be true for the purpose of determining a defendant's motion for summary judgment, interposed because plaintiff failed to state a cause of action (GCR 1963, 117).

6. Injunction—Discretion of Court—Arbitrary Administrative Agency.

Injunction is a discretionary writ, appropriate where a State officer or agency has acted arbitrarily or unreasonably.

7. Same—Abuse of Discretion.

Injunction should be issued by a court where the discretionary power of an administrative agency, such as a school board or its officers, is abused, but interference by the courts should only be made when there is a clear showing of abuse.

8. Schools and School Districts—School Boards—Attendance Areas.

School boards are authorized by statute to establish attendance areas within the school district (CLS 1961, § 340.589).

9. Same—Transfer of Elementary School Pupils Within District.

Statutory power accorded school board of first class school district to adopt bylaws, rules and regulations for its own government and for the control and government of all schools, school property, and pupils in addition to powers conferred upon school boards generally to establish attendance areas, and to establish and carry on such grades, schools, and departments deemed necessary or desirable for the maintenance and improvement of the schools empowered the defendant board to transfer elementary school children from school adjacent to crowded high school in order to provide room for expansion of latter notwithstanding such action was opposed by parents of elementary children subjected to the transfer, such action being within the powers conferred and not shown to be an abuse thereof (CLS 1961, §§ 340.192, 340.583, 340.589).

10. Judgment — Summary Judgment — Transfer of Elementary School Pupils.

Summary judgment was properly granted defendant school superintendent and school board of first class school district in class action by parents of elementary school children who were transferred to attend school in other schools within the district to permit use of rooms for expansion of adjacent high school where, assuming all well-pleaded allegations in complaint to

be true, the Supreme Court would not substitute its judgment for that of defendants (GCR 1963, 117).

11. SAME—SUMMARY JUDGMENT—DISCRETION OF OFFICERS.

A plaintiff fails, as a matter of law, to state a claim upon which relief can be granted where the relief sought involves the substitution of the court's judgment for that of an administrative officer having discretion in the matter, hence, summary judgment for defendants would properly enter (GCR 1963. 117).

12. COSTS — PUBLIC QUESTION — TRANSFER OF ELEMENTARY SCHOOL PUPILS.

No costs are allowed in class action by parents of elementary school children who were transferred from one school to another in the same district to provide room for expansion of adjacent high school, a public question being involved (CLS 1961, §§ 340.192, 340.583, 340.589).

DISSENTING OPINION.

BLACK, J.

13. SCHOOLS AND SCHOOL DISTRICTS—TRANSFER OF ELEMENTARY SCHOOL PUPILS—SUMMARY JUDGMENT.

*Complaint in class action by parents of elementary school pupils whom defendant superintendent and school board of first class school district transferred to other elementary schools allegedly to make room for expansion of adjacent overcrowded high school, when all well-pleaded allegations are taken as true, called for a full-fledged hearing rather than disposition by grant of motion for summary judgment (CLS 1961, §§ 340.192, 340.583, 340.589; GCR 1963, 117).*

Appeal from Wayne; Montante (James), J. Submitted January 6, 1965. (Calendar No. 16, Docket No. 50,726.) Decided July 13, 1965.

Complaint by Delores Hiers and others against Samuel M. Brownell, Superintendent of Schools for the School District of the City of Detroit, Michigan, and the Board of Education of the City of Detroit, Michigan, a school district of the first class, being a statutory body corporate, to enjoin the transfer of their children out of their current school assignment

into another school assignment.    Judgment for defendants.    Plaintiffs appeal.    Affirmed.

*McFadden & Nahabedian (William R. McFadden,* of counsel), for plaintiffs.

*Miller, Canfield, Paddock & Stone (George E. Bushnell, Jr.,* of counsel), for defendants.

SMITH, J.    In a class suit, plaintiffs filed their complaint for injunction January 13, 1964, against defendants.    Plaintiffs obtained an order to show cause why temporary injunction should not issue. Immediately after filing their answer, defendants moved for summary judgment on the ground that plaintiffs had failed to state a claim upon which relief could be granted.    The trial court denied injunction and entered summary judgment in favor of defendants from which this appeal is taken.

In view of the posture of the case, we detail at length the allegations of the complaint.    The complaint alleges that some of the parents have children enrolled in the Everett Elementary School and others have children in Cody High School.    Further, they allege that Everett School's facilities were created and "peculiarly adapted" for educating children of grade school age, that is, as to size and location of building and training facilities.    As to Cody High School, it is alleged that its facilities were created and adapted for educating children of high school age.

Gravamen of the complaint is *"That defendants have ordered plaintiffs to remove their minor children from attendance at Everett Elementary School effective January 28, 1964, and to place them in attendance, effective that date, at either the Dixon School or the Herman Elementary School; a copy*

*of said order having been attached hereto and made a part hereof by reference and having been marked Exhibit 'A'."* (Emphasis supplied.)

The complaint establishes that exhibit "A" gave as a reason for the school board's transfer order overcrowded conditions at Cody High School and, therefore, the need for additional classroom space [it should be pointed out here that in transferring over 100 students from Everett to Dixon and Herman schools, additional classroom space would then be made available for use by Cody school in Everett school, which is contiguous to Cody].[1]   Plaintiffs further allege that "defendants do not and cannot expand on such reasons because they are not true." Plaintiffs then allege that defendants "could not support said order if it [school board] had timely and properly presented to plaintiffs herein and if they [parents] had thereby had a reasonable opportunity to present their position to defendants."

Plaintiffs then allege that the Cody High School had the largest high school population in the city of Detroit out of which arise numerous complaints of vandalism and recklessness.   In this connection, they say that the school administrators at Cody are unable to cope with the already large student body, not to mention "the additional students" they hope to add as a result of the order.   It is then alleged that a year prior to the order in question approximately 100 students were transferred from Everett to other elementary schools and that as a result 3 classrooms were gained for Cody High School and that said classrooms "have not been, are not being, and in all likelihood will not be used by Cody High School for the simple reason that elementary schoolrooms are of no advantage whatsoever to high schools and to high school students."

---

[1] The transfers actually were effected after institution of this suit.

Plaintiffs say that in all probability all grade school students will ultimately be transferred from Everett and that school used entirely by contiguous Cody High School. Defendants are charged with irresponsibility in the issuance of transfer orders and in particular the one in question which is claimed to be arbitrary. Plaintiffs allege that defendants have other more logical and less expensive solutions to the problem of overcrowding at Cody. They say that other high schools in the area could be more effectively utilized and thus could be avoided "two dangers obvious in the defendants' present plan": elimination of elementary school in an area where one is needed, and further expansion of Cody School's student population with all the problems attendant thereto. Attacking the transfer order as not logical nor reasonable, plaintiffs then allege that said order is a violation of due process and equal protection. In seeking injunction, plaintiffs allege that the immediate and irreparable harm and damage which will be suffered is that their minor children will be "Deprived of their right to continue with the classmates, and teachers to whom they have become accustomed", and that the children would be required to travel a greater distance than before and crossing additional intersections, thereby increasing safety hazards. In this connection, they also say that the children would be damaged by being required to eat their lunches in school away from their families. The prayer was for temporary and permanent injunction and other relief.

Defendants filed answer in which the overcrowded conditions at Cody school were admitted, but they denied that the order was capriciously or unreasonably made. They denied also plaintiffs' premises that Everett school facilities could not be used by high school pupils or that the school board intends

ultimately to eliminate Everett as an elementary school. Defendants also filed an affirmative defense that the school board is given broad powers by statute to manage the affairs of the school district and specifically to establish attendance areas within the school district.

Thereafter, defendants filed a motion for summary judgment under Rule 117, GCR 1963, "for the reason that plaintiffs have failed to state a claim upon which relief can be granted." By stipulation, a joint hearing was held on both the show cause order and defendants' motion for summary judgment. No proofs were offered at the hearing, although plaintiffs were offered the opportunity by the trial court. The grant or denial of a temporary injunction is a question of discretion and this Court will not interfere with the trial court's ruling except on a showing of probable abuse. *Nissenbaum* v. *Pikstein,* 266 Mich 28. There being no showing at all, then as to this aspect of the case there is nothing to review.

As to the question of summary judgment, the complaint allegations, as illuminated by oral argument, were helpfully summed up by Judge Montante in this manner:

"Actually, as I see this case, Mr. McFadden, it is simply this: You have a number of mothers, parents of these children, who are utterly convinced that the board of education has made a mistake in judgment. I am sure these mothers are saying: 'If it be a fact that Cody High School is overcrowded, then it would seem to us that the board of education should arrange for the transfer of Cody High School students to other high schools. Obviously, the high school student is mature; he has a sense of responsibility; there is less likelihood of his becoming involved in any traffic problems. Weighing all things, the transfer, if effected, should apply solely to the high school student, not to the youngster of tender

age who is now required suddenly to be uprooted from his school and his teacher, to travel this long distance, to have foisted upon him unfamiliar surroundings, to be compelled to cross streets that he is not acquainted with, to be subjected to the various instances of traffic hazards that may arise en route— all of the peril of the child's safety and welfare. Therefore, as a matter of judgment, it seems to us that they should allow the children to stay in the elementary school and tell the big boys and girls to move over to another school.' "

Although the trial judge's bench summation after oral argument seems to go to the heart of the issue, counsel for plaintiffs says there are additional allegations of fact properly before us, which allegations are said to have been contained in counsel's oral argument before the trial judge. A careful search of the entire record does not reveal precisely what these allegations were. Apparently a motion was made by counsel to amend the complaint to reflect additional allegations made in argument. Defendants assented but since there is no record of the motion or the argument, nor was an amended complaint filed, this reviewing Court is left to speculate as to what was said and done. There is no assertion of fraud, mistake, or failure to record. Nor is there any suggestion that record deficiencies could be supplied, even if permissible in such a situation. Nor is there a stipulation sufficiently precise made in this Court, either in the briefs or at oral argument, which would warrant this Court's inclusion in the matter to be decided. We have said that statements of facts made by counsel in the briefs or on oral argument are outside the record. *Reed* v. *Civil Service Commission,* 301 Mich 137. All parties are expected to protect themselves on the record. Omissions from the record which are not cured by the time the case is

submitted on appeal cannot be considered by the reviewing court in reaching its decision.

The decisive question, and the only clear question, is whether defendants were entitled to summary judgment upon the assertion that plaintiffs failed to state a claim upon which relief could be granted. This motion was brought under the new summary judgment rule. Rule 117, GCR 1963. This rule is adapted from both prior Michigan court rules and the Federal rules of civil procedure. We need not discuss the history here because it has been done and is being done in connection with recent and current cases dealing with the more difficult problem of when there is a genuine issue of material fact. See *Durant* v. *Stahlin,* 374 Mich 82, *Zimmerman* v. *Stahlin,* 374 Mich 93, and *Durant* v. *Stahlin,* 375 Mich 628. The case before us deals with that feature of the rule embodying well-settled concepts included in former rules under the heading either of motion to dismiss for failure to state a cause of action or motion for judgment on the pleadings.[2] In bringing these motion practices forward into the new court rules, GCR 1963, it is not contemplated that the former practice will be substantially altered.

We test, therefore, the present complaint allegations in the light of past practices. First, every well-pleaded allegation is assumed to be true, for the purpose of the present motion. But, to use the new rule terminology, did plaintiffs fail to state a claim upon which relief can be granted? As we construe the allegations of the complaint, they present the understandable disagreement of certain parents with actions of the school board and its officers and agents. They doubt whether Cody High School is overcrowded and say that if it is, then the school board should not transfer children out of Everett School to make

[2] Court Rule No 18 (1945).—REPORTER.

room for Cody pupils, but that some Cody pupils should be transferred to other high schools. The irreparable damage claimed is in denying children the privilege of continuing with their same teachers and classmates, depriving them of "the pleasure of returning home" for lunch during the noon recess, and increasing the traveling hazards at least to some who might have to cross additional dangerous intersections. It is our opinion that the allegations fail to state a claim upon which relief can be granted.

In the first place, injunction is a discretionary writ. However, it is the appropriate remedy where a State officer or agency has acted arbitrarily or unreasonably. Where the discretionary power of an administrative agency is abused, the court has a duty to issue injunctive restraint. *Reed* v. *Civil Service Commission, supra.* The same general rules apply to the acts of school boards and their officers. *Chandler* v. *Board of Education of the City of Detroit,* 104 Mich 292. Although not an injunction case, the same principles are contained in *Cochrane* v. *Mesick Consolidated School District Board of Education,* 360 Mich 390. In the *Cochrane Case,* 2 high school seniors were barred from participation in sports and physical education by school board rule because the pupils were married. The trial court sustained the school board and was affirmed here by equally divided vote. The dispute here was not as to the scope of judicial review of school board actions, but as to the essential policy involved in the board action. For present purposes, it is sufficient to add that the *Cochrane Case* does not dissent from the proposition that in reviewing actions of school boards, a court is guided by the principle that it will not attempt to substitute its judgment for that of the board, but will inquire as to whether such acts are arbitrary and unreasonable. The presumption is always in favor

of reasonableness and propriety.  Only when there is a clear showing of abuse will the courts interfere.

In this case, the authority was ample for what the school board intended.  School boards are authorized by statute to establish attendance areas within the school district (CLS 1961, § 340.589 [Stat Ann 1959 Rev § 15.3589]).  A school board is empowered to "establish and carry on such grades, schools and departments as it shall deem necessary or desirable for the maintenance and improvement of the schools." (CLS 1961, § 340.583 [Stat Ann 1959 Rev § 15.3583].) In addition, defendant board as a school district of the first class is specifically empowered "to adopt bylaws, rules and regulations for its own government and for the control and government of all schools, school property and pupils."  (CLS 1961, § 340.192 [Stat Ann 1959 Rev § 15.3192].)  We conclude, therefore, that defendants not only are given broad powers by the legislature but specific powers embracing the establishing of schools and attendance areas within the district.  Such is the legal basis for the acts of which complaint is made.  In the exercise of this authority, we find nothing from the allegations of the complaint that such authority was wielded in an arbitrary or unreasonable manner.  At best, the allegations present alternative proposals for dealing with the tacitly admitted space problem.  Assuming all well-pleaded facts to be true, in such a situation the Court would not substitute its judgment for that of defendants.  As a matter of law, then, plaintiffs failed to state a claim upon which relief can be granted.

Affirmed.  No costs, a public question being involved.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, O'HARA, and ADAMS, JJ., concurred with SMITH, J.

BLACK, J. (*dissenting*).   I cannot agree either that this is an appropriate case for summary treatment or that plaintiffs' complaint fails to state a case upon which relief can be granted.*   Summary motion and summary grant thereof may be the easiest way to dispose of cases, yet the traditional day in court remains the only way to provide precisely what all courts are sworn to uphold, that is, due process of law.

Unless equity jurisprudence was destroyed by the recent "merger" (see CLS 1961, § 600.223 [Stat Ann 1962 Rev § 27A.223]; GCR 1963, 12), and I am yet hopeful it was not, this was and yet remains an equity case.   The chancellor should at least have insisted upon the taking of proof sufficient to ascertain whether this taken-as-true complaint is supported sufficiently to call for a full-fledged hearing.   See *Mathews* v. *United Association,* 351 Mich 293, 301, 302, and *Klee* v. *Light,* 360 Mich 419, 423, 424.   The suggestions made there, delivered as they were in furtherance of constitutional due process, are as right under the new rules of procedure as they were in 1958 and 1960.

I would reverse and remand for such further proceedings as will be calculated to insure that plaintiffs' complaint meets no dismissal on sole strength of defendants' present motion.

---

* See GCR 1963, 117.2.—REPORTER.