Clint PEARSON, Plaintiff and
Respondent,

v.

Bill ADAMS, Defendant and Appellant.

No. 12476.

Supreme Court of South Dakota.

Argued March 15, 1979.

Decided May 31, 1979.

Charles Rick Johnson of Johnson, Johnson & Eklund, Gregory, for plaintiff and respondent.

Leonard E. Andera of Andera, Margadant & Erickson, Chamberlain, for defendant and appellant.

HENDERSON, Justice.

This appeal arose out of an intersection collision in Chamberlain.

Appellant was west bound on King Street. Respondent was east bound on the same street and was driving across the bridge linking Brule and Lyman Counties.

Appellant claimed that he slowed down, signaled a left turn, looked for traffic, and turned when the oncoming traffic appeared to be nil. While turning he "saw a white streak and a big crash." Respondent claimed that appellant turned directly in front of him as he came off of the bridge, colliding in his lane of traffic. Respondent further claims that appellant had a clear and unrestricted view of plaintiff's approaching vehicle for a minimum of 400 feet and that appellant obviously made his left hand turn without properly looking for oncoming traffic.

Both vehicles were total losses. Respondent was injured. The jury resolved the fact issues in favor of respondent and returned a verdict for respondent in the amount of $8,200. The issues on this appeal deal with procedural matters. The substance of appellant's appeal is minimal.

The transcript included within the settled record to this case characterizes a meeting between the trial judge and both counsel as a pretrial conference. There was no court order entered for a pretrial conference nor a pretrial conference order. At this proceeding, the transcript indicates that the discussion centered around who the real parties in interest were, the issues involved in the case, the introduction of exhibits, and the value of the car involved. According to the transcript, the entire proceeding was held on the record.

Appellant claims, however, that a substantial portion of this proceeding was held

**676**

off the record including a ruling by the trial court overruling his objection to the measure of damages. By overruling the objection off the record and failing to make an order pursuant to SDCL 15–6–16, the trial court, according to appellant, prevented him from offering evidence of a lesser measure of damages and thereby precluded him from preserving his objection.

Effective appellate review is only possible when the trial court *and attorneys* conduct all proceedings on the record. *Badger Northland, Inc. v. Van Der Boom,* 89 S.D. 553, 235 N.W.2d 903 (1975). According to the transcript contained in the settled record of this appeal, all of the pretrial proceeding *was* conducted *on the record.* We cannot rule upon that which we do not see in the record.

■ On appeal, the record and the transcript, if included in the record, imparts an absolute verity and is the sole evidence of the trial court's proceedings. *Boettcher v. Thompson,* 21 S.D. 169, 110 N.W. 108 (1906); *McDonald v. Rentfrow,* 171 Neb. 479, 106 N.W.2d 682 (1960). See *State v. Hall,* 272 N.W.2d 308 (S.D.1978). While all parties are expected to protect themselves on the record, *Hiers v. Brownell,* 376 Mich. 225, 136 N.W.2d 10 (1965), and all parties are obligated to see that the settled record contains all matters necessary for the disposition of the issues raised on appeal, *State v. Hall,* supra, the ultimate responsibility for presenting an adequate record on appeal falls upon the appellant. *State ex rel. Olson v. Nelson,* 222 N.W.2d 383 (N.D.1974).

If the record is incomplete or incorrect, the remedy is by appropriate action or proceedings in the trial court to secure a correction thereof. *Campbell v. City of Ogallala,* 183 Neb. 238, 159 N.W.2d 574 (1968).

■ Appellant made no attempt to cure the defects in the record at the trial court level or even to alert the trial court to the defects. If, indeed, appellant objected to the measure of damages rule at this proceeding, he did not renew his alleged objection at any time during trial. He did not object to evidence regarding damages and he made no motions concerning them. He made no mention of the alleged ruling or objection when the instructions were settled or when the record was settled. The only mention of any error was in an untimely motion for new trial. He did not propose any damage instructions nor did he make any offer of proof on damages. As the record fails to contain the error appellant complains of, and for the reasons stated above, he cannot prevail upon the point.

■ Even if the pretrial proceeding was a pretrial conference as contemplated by SDCL 15–6–16, the failure of the court to make an order reciting the action taken would not aid appellant. In *Hyde v. Hyde,* 78 S.D. 176, 99 N.W.2d 788 (1959), we said that in the absence of an order, the parties are not controlled by admissions or rulings made at the pretrial conference.

■ Appellant also claims that the trial court erred in giving its preinstruction to the jury. According to appellant, the preinstruction mislead and confused the jury and was clearly erroneous. He does not, however, claim that the preinstruction prejudiced him and our review of the record indicates that at no time did he object to it. On appeal, appellant may not complain of and we will not review alleged improper statements of the trial judge unless there was a timely objection and exception thereto. *Bolio v. Scholting,* 152 Neb. 588, 41 N.W.2d 913 (1950). We have repeatedly said that questions not raised or preserved in the trial court will not be considered on appeal. *Breckweg v. Knochenmus,* 81 S.D. 244, 133 N.W.2d 860 (1965).

■ Appellant's next contention is that the evidence is not sufficient to support the jury verdict. We may not review this contention in this case. Insufficiency may not be reviewed unless it has been *timely* presented to the trial court by a proper motion for a directed verdict, request for findings, or other apt motion, offer, objection, or exception. SDCL 15–26–20; SDCL 15–6–5; *Lang v. Burns,* 77 S.D. 626, 97 N.W.2d 863 (1959). Appellant did not follow this procedure. He did, though, file a

motion for a new trial; this motion, however, was not timely. Consequently, we may not review the insufficiency question. SDCL 15–6–5; SDCL 15–6 59(f); SDCL 15–26–20; *Fales v. Kaupp,* 83 S.D. 487, 161 N.W.2d 855 (1968).

Closely tied to this last question are appellant's arguments that the trial court erred in denying his motion for a directed verdict and his motion for a new trial.

■ Appellant moved for a directed verdict at the close of all the evidence. Respondent claims that this was untimely. We cannot agree. SDCL 15–6 50(a) requires that a motion for directed verdict be made "at the close of the evidence offered by an opponent"; SDCL 15–6–50(b) refers to a motion for a directed verdict "at the close of all the evidence." A motion at either time is proper. See 9 Wright & Miller, Federal Practice and Procedure: Civil § 2536 (1971); 88 C.J.S. Trial § 254 (1955); 75 Am.Jur.2d Trial § 472 (1974). A motion made at the close of the plaintiff's case will not be reviewed, however, unless the motion is renewed at the close of all of the evidence. *Wood v. Campbell,* 28 S.D. 197, 132 N.W. 785 (1911); 75 Am.Jur.2d Trial § 472 (1974). See also SDCL 15–6–50(b).

■ Despite the fact that appellant's motion for a directed verdict was timely, we still may not review the denial of the motion for a directed verdict. SDCL 15–6 50(a) requires that the motion "state the specific grounds therefor." We have said that the motion must so specifically point out grounds of law or fact upon which movant relies as to fairly place his contention before the trial court. *Englebert v. Ryder,* 77 S.D. 333, 91 N.W.2d 739 (1958). Where, as here, the motion fails to specify the particulars wherein the evidence is claimed to be insufficient, the denial of the motion is not reviewable. *Allen v. Line,* 72 S.D. 392, 34 N.W.2d 835 (1948).

■ Appellant's motion for a new trial was served on March 16, 1978. Judgment was entered and notice of entry given on January 25, 1978. SDCL 15–6–59(b) re-

quires that a motion for new trial be served not later than ten days after notice of entry of the judgment. The court did not err in refusing to consider the motion.

■ Appellant also argues that the trial court erred in overruling his objection to Instruction No. 14 which read:

Even though a person driving a vehicle fails to see another vehicle approaching from the opposite direction, which was there so plainly to be seen, and there was no reasonable cause to justify his not seeing the oncoming vehicle, then the motorist is bound as though he had seen it.

Instruction No. 14 is a proper statement of the law in South Dakota and was proper in view of the evidence presented. In *Anderson v. Adamson,* 79 S.D. 429, 435, 112 N.W.2d 612, 615 (1962), we said,

It is settled law that even though plaintiff failed to take cognizance of defendant's vehicle approaching along the north side of the center line of West 9th Street, because it was there to be seen, he was as much bound as though he had seen it. *Flanagan v. Slattery,* 74 S.D. 92, 49 N.W.2d 27.

■ Appellant also claims that the court erred in withdrawing one of its initial instructions. The instruction is not a part of the settled record, leaving us with nothing to review on the issue.

■ Finally, appellant argues that the court erred in not allowing opinion testimony as to rate of speed and in not allowing respondent to answer a question concerning his pleasure driving mileage. The former was not admitted because of a lack of foundation, the latter because of irrelevancy. We have reviewed the record and find no error. Appellant does not allege prejudice.

The judgment is affirmed.

All the Justices concur.